THE STATE, EX REL. THE MT. CARMEL SCHOOL CORPORATION, *v.* SHIELDS ET AL.

PRACTICE.—*Information.—Recovery of Real Estate.*—An information in the nature of a *quo warranto* is not a proper remedy for the recovery of real estate, except where the real estate has escheated or been forfeited to the State, for its use.

SCHOOL CORPORATION.—*Franchises not Extra-Territorial.*—The franchises of a school corporation, which is also an incorporated town, can not be made appurtenant to real estate and school buildings lying outside of

the corporate limits of the town, and within the territorial limits of a township also a school corporation, created such at the same time, and clothed with the same franchises, under the same law, as said town school corporation.

From the Franklin Circuit Court.

*T. B. Adams* and *F. Berry*, for appellant.

*H. Berry* and *F. S. Swift*, for appellees.

Howk, J.—In this cause, the relator of the appellant filed an information in the nature of a *quo warranto*, against the appellees, in the court below. The information contained two paragraphs.

In the first paragraph, appellant's relator alleged, in substance, that the town of Mount Carmel, in Springfield township, Franklin county, Indiana, was an incorporated town, under the law of this State, being article 1, of chapter 25, of the Revised Statutes of 1843, and was so incorporated on the 18th day of October, 1852; that on the 6th day of May, 1853, the relator of the appellant was organized as a school corporation, by virtue of the school law of 1852, and had ever since exercised all the rights, privileges, powers and franchises of a school corporation; that, for school purposes, the relator formed a part of district number six, in said Springfield township; that said district number six was a school corporation, under the general school law of 1843, from October 5th, 1847, to May 6th, 1853, and, as such, was the owner, and in possession of a certain lot of ground in said Springfield township, particularly described in said paragraph, on which lot it had erected a house, on said 5th day of October, 1847, for the use of the school of said district number six; that afterward, on the 6th of May, 1853, pursuant to an order of a vote of said school district number six, at a regular meeting of the voters thereof, the trustee of said district conveyed and delivered the possession of said property to the appellant's relator, and the relator had ever since been in the uninterrupted possession of said property, for school purposes, and had occupied the house and premises for the

use of the relator's school; that on the 6th day of May, 1853, all the citizens of said school district number six, who were entitled to common school privileges under the law of this State, were attached, on their own request, to the Mt. Carmel school corporation, for school purposes, by the trustee of said township, and had ever since formed a part of said school corporation; that on the 1st day of September, 1857, the house on said property being insufficient to accommodate said school corporation, the relator repaired, enlarged and improved said house, and erected on said lot a new building at the cost of four thousand dollars; that from October 5th, 1847, the possession and right of said property had remained in said school district number six and the appellant's relator, as successor of said district, without being disputed or questioned by any one, until the 14th day of April, 1873, when the appellee Matthew R. Shields, trustee of said Springfield township, unlawfully entered upon, and took possession of, said schoolhouse and grounds, and employed and put said house in possession of the appellee Lucy Smith, a qualified and licensed teacher to teach in the public schools of said county, to teach one of the schools of said township, for said township; all which acts of appellee Shields were so done by him, under pretence and claim of authority as such trustee, and that since the last named day the appellees had unlawfully intruded themselves into said property and used and held possession of the same and all the rights, privileges and franchises thereto, and during said time had unlawfully kept the relator out of possession of said property, and deprived the relator of the use and enjoyment of the same; and that the relator is entitled to the possession of said property and the rights and franchises thereunto belonging; wherefore the appellant's relator prayed, that the appellees might be required to show by what authority of law or right they held, usurped, intruded into, and exercised the rights and franchises of the relator in and to said property, and that the relator have

judgment for possession of said property, and other proper relief.

In the second paragraph of the information, the appellant's relator alleged, in substance, that the town of Mt. Carmel was duly incorporated, as alleged in the first paragraph, and had been ever since an incorporated town; that on the 6th day of May, 1853, the relator was duly organized, and had since continued to act, as a school corporation; that on the 5th day of October, 1847, said school district number six was duly organized and acting as a school corporation, in the same territory of Springfield township, that said town of Mt. Carmel was in and near the centre of; that on said last named day the trustees of said district leased of one Joseph G. Clarkson, for school purposes, the same parcel of real estate described in the first paragraph, adjoining the town of Mt. Carmel; that on said last named day said school district number six erected a school-house on said real estate for the use of said district, and used and occupied it until May 6th, 1853; that afterward, to wit, on the 28th day of February, 1853, at a meeting of the qualified voters of said district, they, by a vote, requested the school trustees of said district to convey, transfer, and have said lot and building attached to said town of Mt. Carmel for school purposes, and to form a part of the school corporation of said town; that afterward, to wit, on the 6th day of May, 1853, said trustees, pursuant to said vote and request, had said school property attached to said Mt. Carmel school corporation for school purposes, and delivered the possession of said property to said school corporation, since which time the relator had held, used, occupied and enjoyed said property, for the use of a common school, up to April 14th, 1873; that on the 6th day of May, 1853, all the inhabitants of said school district number six, who were entitled to common school privileges, at their own request, were transferred by the trustees of said township to said school corporation, for school purposes;

that since that time there had been no school district number six in said Springfield township, nor any public school located or taught within the boundaries of said district, other than those at said house under the relator's control; that on the 1st day of May, 1857, said school-house being insufficient to accommodate said school, the relator enlarged, improved, and repaired the same at a cost of four thousand dollars, making said house of sufficient capacity to conveniently accommodate two hundred scholars, and furnished said school-house with suitable furniture; that there was, and had been established, a graded school therein; that there was no other suitable building in or near said town for school purposes, that could be used as a school-house, and no suitable ground in or near said town, that could be purchased, on which to erect a school-house; that said school-house is large enough to conveniently accommodate all the children entitled to the privileges of public schools, who reside near enough to be attached to the school at said house, for school purposes; that it was not necessary for the convenience of the citizens of said township, for school privileges, that said township trustee should locate a school at that place, for they can all be accommodated at the Mt. Carmel school, who reside near enough; that on the 21st day of January, 1863, for the purpose of enlarging and improving said school grounds, the relator procured of said Clarkson a lease of another lot of ground, for which the relator paid one hundred dollars, a copy of which lease was filed with said paragraph; that on the 11th day of November, 1870, to further enlarge and improve said school grounds, the relator purchased for two hundred dollars a third lot of ground, adjoining said last lot, and each of said lots being particularly described in said second paragraph; that all of said property lay together, and was conveniently located for the citizens of Mt. Carmel, who were entitled to school privileges; that on the 14th day of April, 1873, the appellee Shields, then

trustee of said Springfield township, by virtue of his office as such trustee, assumed to have the right to take possession of all said school property, and to control the same and locate a school in said school-house, and to use, occupy, and control said property, for school purposes, in said Springfield township, and he did then unlawfully and without right usurp, intrude into and take possession of said school-house and grounds, and did unlawfully and without right employ the appellee Lucy Smith, a licensed teacher, and put her in said house, to teach one of the common schools of said township, and said Lucy Smith used and occupied said house, by virtue of being such licensed teacher and under said employment, and by no other right or employment whatever; and that, since said last named day, the appellees had unlawfully and without right continued to hold, use, and occupy said property, and had unlawfully and without right kept the relator out of possession, which usurping, intruding into, and continuing in possession of said property by the appellees were without any leave or license from any one having legal authority or control over said property, or the right to give possession of the same; that the locating and keeping up a school at said place by said trustee would require the expense of two schools instead of one, and divide the school funds, which were insufficient to support two schools, and would compel the building of another school-house at great expense, to wit, three thousand dollars; and that the relator was the owner of said property, and had the exclusive right to use and control the same, and the appellees had no right whatever to the use of said property, or to interfere with the relator's free use and enjoyment of the same.   Wherefore, etc.

The appellees demurred to each of the paragraphs of the information, which demurrers were sustained to the first paragraph, and to a part of the second paragraph, to which decisions the appellant's relator excepted;

and, as to the residue of said second paragraph, the demurrers thereto were overruled by the court below.

The appellees then filed a disclaimer as to the second and third parcels of real estate described in the second paragraph of the information. And the relator moved the court below, in writing, for a judgment in its favor, on the second paragraph of the information, which motion was overruled by the court, and to this decision the relator excepted. On written causes filed, the relator moved the court below for a new trial, which motion was overruled, and appellant's relator excepted. And judgment was rendered by the court below, in favor of the appellees and against the appellant, for costs, from which judgment this appeal is now prosecuted.

In this court, the alleged errors, assigned by appellant's relator, call in question the decisions of the court below, in sustaining the appellees' demurrers to the first paragraph, and to a part of the second paragraph of the information, and in overruling the relator's motion for judgment and the relator's motion for a new trial.

The demurrers to each paragraph of the information each assigned the following grounds of objection thereto;

1st. That the appellant had no legal capacity to sue and maintain this action;

2d. That the paragraph did not state facts sufficient to constitute a cause of action;

3d. That several causes of action had been improperly united in one paragraph.

It is manifest, we think, from a careful examination of each of the paragraphs of appellant's information, that the real object of this action was the recovery of the possession of the real estate, and its appurtenances, described in each paragraph. The relator of the appellant averred, in each paragraph of the information, its title to, and right to the possession of, the real estate described therein; that the appellees had possession of said real estate without right, and unlawfully kept the relator out

of the possession thereof; and in each paragraph the relator demanded judgment for the possession of said real estate. We are very certain, that an information in the nature of a *quo warranto* is not the proper remedy for the recovery of real estate, *except* where the real estate has escheated, or been forfeited, to the State, for its use. If the relator of the appellant was the owner, and entitled to the possession, of the real estate described in either paragraph of its information, it has, in our opinion, mistaken its remedy. It should have brought its action in the form prescribed by the practice act, 2 R. S. 1876, p. 250, for the recovery of real estate. The law seems to be well settled, that where the party aggrieved can obtain full and adequate relief in the usual course of proceedings at law, or by the ordinary forms of civil action, a *quo warranto* information will not lie. High's Extraordinary Legal Remedies, p. 447, sec. 617, and authorities there cited.

The cases in which an information may be filed against any person or corporation are stated in the 749th section of our code of practice. 2 R. S. 1876, p. 298. The only case there provided for, to which the case of the relator of the appellant can even be assimilated, is the first one, as follows: " When any person shall usurp, intrude into, or unlawfully hold or exercise any public office, or any franchise within this State, or any office in any corporation created by the authority of this State."

In each paragraph of the information, it was alleged, that on the 6th day of May, 1853, the relator of the appellant, an incorporated town of this State, became also a school corporation under the school law of 1852, and had ever since exercised all the rights, privileges, powers and franchises of a school corporation. The franchises of the relator as a school corporation would certainly be confined to the relator's territorial limits; and if those franchises could be made appurtenant to real estate and the school buildings thereon, such real estate

and buildings must lie within the relator's corporate limits. Such franchises of the relator, it seems to us, could not be made appurtenant to real estate and school buildings lying within the territorial limits of another corporation, which had also been created a school corporation at the same time, and clothed with the same franchises, under the same law, as the relator of the appellant. The real estate and school buildings, described in each paragraph of the information, were outside of the relator's territorial limits, and within the territorial limits of Springfield township, a school corporation, of which the appellee Shields was trustee. All these matters were apparent on the face of each paragraph of the information in this cause; and, therefore, it is manifest, we think, that the case made by the relator in each of the said paragraphs was not one of the cases in which, under the law of this State, an information might be filed. We hold, as to each of the paragraphs of the relator's information, that it did not state facts sufficient, under our law, to constitute a cause of action against the appellees, or either of them. It follows, of course, that the court below did not err, in our opinion, in sustaining the appellee's demurrers to the first paragraph of the information.

The rulings of the court below, on the demurrers to the second paragraph of the information, in sustaining them as to one part, and overruling them as to another part of one and the same paragraph, were not authorized, we think, by our code of practice. The demurrers were to the entire paragraph, and not to any specific part thereof, and could not have been otherwise, under our code, in such cases as the one at bar.

In the second paragraph of the information, the relator of the appellant sought to recover not only the school buildings and grounds, described in the first paragraph, but also two other parcels of real estate, adjoining the other

grounds. As to these last two parcels of real estate, the court below overruled the appellees' demurrers to the second paragraph, apparently upon the ground that the relator was clearly shown to be the owner of said two parcels; but as to so much of the second paragraph as sought the recovery, only, of the same property described in the first paragraph, the court below sustained the demurrers. In our opinion, as we have already said, the court below ought to have sustained the demurrers to the entire second paragraph, upon the ground that, under the code, an information in the nature of a *quo warranto* is not the remedy for the case made in said paragraph. In other words, we think that the relator of the appellant has mistaken its proper remedy.

When the court below overruled the demurrers to the second paragraph of the information as to the said two parcels of real estate, the appellees filed a disclaimer as to said two parcels, and the effect of this disclaimer was to limit the controversy between the parties to the school buildings and grounds described in both paragraphs. That far forth the court below sustained the appellees' demurrers to the relator's cause of action, as stated in both paragraphs of the information, and these decisions, in our opinion, were unquestionably correct. And while we think that the court below erred, in sustaining the appellees' demurrers to one part, and overruling them to another part, of one and the same paragraph, yet we are very clearly of the opinion, that this error is not, and ought not to be, available to the relator of the appellant, in this case, for any purpose.

The relator of the appellant has also assigned as error the decision of the court below in overruling its motion for a new trial. This cause was disposed of in the court below upon the appellees' demurrer to the information, and without any trial. The relator's motion for a new trial was, therefore, both unnecessary and improper, and

no error was committed by the court below, in overruling such motion.

We find no available error for the relator of the appellant, in the record of this cause.

The judgment of the court below is affirmed, at the costs of the relator of the appellant.