Reckert, Trustee, *et al. v.* The City of Peru *ej al.*

---

Reckert, Trustee, et al. *v.* The City of Peru et al.

School Township.—*Conveyance to, of Real Estate Subsequently Annexed to City.*—Real estate conveyed to, and paid for by, a school township remains the property of the township, notwithstanding the fact that the real estate conveyed is included in territory subsequently annexed to a city adjoining, where such annexation includes part only of the territory of such township.

From the Miami Circuit Court.

*H. J. Shirk* and *J. Mitchell*, for appellants.

*L. Walker*, for appellees.

Howk, J.—In this action, the appellees, as plaintiffs, sued the appellants, as defendants, in the court below.

In their complaint the appellees alleged, in substance, that the appellee, The City of Peru, was a corporation duly organized within Miami county, Indiana, under the general law of this State for the incorporation of cities, and that the appellees, John T. Stevens, John H. Jamison and Joseph G. Stevenson, were the duly elected, qualified and acting school trustees of said city of Peru; that the appellant Henry Reckert was the duly elected, qualified and acting trustee of Peru Township in said county, and that said Peru School Township was a body corporate and politic within said county; that, on the — day of ——, 1868, the appellant Abner C. Brownell, the then owner in fee-simple of a certain lot, for a valua-

Reckert, Trustee, *et al. v.* The City of Peru *et al.*

ble consideration, the amount of which was unknown to
the appellees, by his warranty deed of that date, con-
veyed to the appellant, Peru School Township of said
county, to be used for school purposes only, said lot No.
206, in Brownell's addition to the city of Peru, in said
county, said addition not being then a part of said city
of Peru, which said deed was delivered to the trustee of
said township, but was not placed on record in the deed
records of said county, and has since been lost, as the ap-
pellees were informed and believed; that said lot was
then situate in School District No. 4, the exact boundaries
of which were unknown to the appellees, and they were
unable to describe the same, because no record existed of
such limits, as they were informed and believed, and the
same could only be determined by the enrolments, made
by the proper officers, of scholars entitled to school privi-
leges in said district, while the same existed as such; that,
subsequent to said conveyance of said lot to said town-
ship, in 1868, the trustee of said township, out of the pub-
lic school moneys appropriated to said township, or out
of the special school funds of said Peru Township, but
from which fund appellees were unable to state, caused
to be erected a brick school-house and out-buildings on
said lot, for the use of said School District No. 4, and
placed therein suitable furniture and fixtures for the use
of the school in said district; and the said lot, school-
house, out-buildings, fixtures and furniture were, under
the control of the trustee of said township, used for the
school purposes of the said district until about the close
of the year 1873; that, on or about the 13th day of De-
cember, 1873, on the petition of the common council of
said city of Peru, the board of commissioners of said
Miami county, in proper proceedings for that purpose,
had extended the corporate limits of said city of Peru
over the principal part of the territory enclosed in said
School District No. 4, of said township, including said lot
No. 206; that, at the time of making the enumeration of

said township and city for school purposes, in the year 1875, about April 1st of that year, the appellant Henry Reckert, as township trustee, dropped from his record of school districts, in said township, said district No. 4, and, the proper request for that purpose having been made by the persons enumerated, transferred to said city of Peru, for school purposes, all those parties resident in said district as previously constituted, who were not brought within the limits of the city by said order of the board of commissioners of said county; that said district No. 4, as constituted during the year 1873, did not then exist, the districts in said township having been re-numbered, and said district omitted from the enumeration and record of said trustee, and the same, and all the inhabitants thereof, being now lawfully within the city of Peru for school purposes; that the said property was necessary for said city for school purposes, and for the immediate use of the parties annexed, as aforesaid, within the limits of the territory formerly designated as School District No. 4 of said township; that, as the appellees were informed and believed, they had a right to the possession and control of said property, for the use of the schools of said city, but the appellant Henry Reckert asserted title to, and the right to hold and control, said property for said township, and had advertised the same for sale, and would, if not restrained by an order of the court below, on July 13th, 1874, proceed to sell the same and divert it from the use of said city for school purposes, thereby casting a cloud upon the appellees' title thereto, and depriving them of the use and possession of the same, and compelling them to resort to protracted, vexatious and expensive litigation to assert their rights therein, to the great and irreparable injury of the appellees, for which they had no adequate remedy at law; and that the damage and injury so threatened would be done before they could give legal and sufficient notice of an application for a restraining order, unless the appellants should be tem-

porarily restrained from making said sale. Wherefore the appellees prayed for a temporary restraining order, until notice could be given for a hearing, enjoining the appellants from selling or disposing of said property, or from interfering with the lawful enjoyment or possession of the same by the appellees; that, on the final hearing of this cause, the injunction may be made perpetual; that the title to said property may be confirmed and forever quieted in said city of Peru, for school purposes, and for other proper relief in the premises.

The appellees' complaint was duly verified, and, a proper undertaking having been executed, a temporary restraining order was granted by the judge of the court below, as prayed for in the complaint.

Afterward, at the October term, 1874, of the court below, the appellants demurred to appellees' complaint, upon the ground that it did not state facts sufficient to constitute a cause of action, which demurrer was overruled by the court, and to this decision the appellants excepted, and, refusing to answer over, judgment was rendered in accordance with the prayer of the complaint.

In this court, the only error properly assigned by the appellants is the decision of the court below, in overruling his demurrer to appellees' complaint.

Under the averments of the appellees' complaint, it is very clear, we think, that the judgment of the court below, in this cause, can not be upheld. It was alleged in the complaint, that the lot in controversy was conveyed, not to School District No. 4, of Peru Township, but to Peru School Township. Therefore, unless it could be alleged, and proved on the trial, that School District No. 4 and Peru School Township were identical in their boundaries and covered precisely the same territory, it is very certain that the city of Peru acquired no title nor beneficial interest in the lot in question, by the mere extension of its corporate limits.

It was alleged in appellees' complaint, that Abner C.

Brownell conveyed the said lot to Peru School Township, for a valuable consideration. It was not alleged by the appellees, who paid that consideration; but we may reasonably assume that it was not paid by said School District No. 4. In fact, under our present school law, which has been in force since March 6th, 1865, and before the conveyance of said lot, we have had no other school corporations in this State, under our free school system, except school townships, towns and cities. In section 4 of said act, it was provided, that "Each civil township and each incorporated town or city in the several counties of the State is hereby declared a distinct municipal corporation for school purposes." 1 R. S. 1876, p. 780.

In section 12 of said act, it was provided, that "The trustees of the several townships, towns and cities, shall have the power to levy a special tax, in their respective townships, towns, or cities, for the construction, renting or repairing of school-houses, providing furniture, school apparatus and fuel therefor, and for the payment of other necessary expenses of the school, except tuition." 1 R. S. 1876, p. 783.

It is clear, therefore, that the lot in controversy was purchased, if purchased at all, by Peru School Township, and not by any district therein; that the taxes out of which the purchase-money for said lot was procured, and the buildings thereon were erected, were levied and collected of and from the property and inhabitants of said Peru School Township, and not of any particular district therein; and, therefore, that the lot and buildings in question were legally and equitably the property of the entire school township, and not of School District No. 4, nor of any other district merely, in said township. Therefore, to have justified the city of Peru in its intended and attempted appropriation, to its own uses and purposes, of the lot and buildings of another independent corporation, it must have appeared clearly and conclusively, that the latter corporation, and not a mere district therein,

had been entirely absorbed within the corporate limits of said city of Peru, by the extension of its boundaries. This conclusion is in strict accordance with the principles of natural right, equity and justice, and is sustained, we think, by the decision of this court, in the case of *Heizer* v. *Yohn,* 37 Ind. 415.

The case cited, in its facts and circumstances, was very similar to the case now before us; and it was there held, that, notwithstanding the boundaries of the city (Indianapolis) had been so extended as to include within their limits the school lots and buildings belonging, before such extension, to the school township, yet the title thereto remained in the school township, and the lots and buildings might be sold and disposed of by the trustee of said township.

In our view of the matter, this decision was just and equitable, and in accordance with law.

The court below erred, in our opinion, in overruling the appellants' demurrer to appellees' complaint.

The judgment is reversed, at the appellees' costs, and the cause is remanded, with instructions to sustain the appellants' demurrer to appellees' complaint, and for further proceedings in accordance with this opinion.