No. 8295.

SCHOOL TOWN OF LEESBURGH v. PLAIN SCHOOL TOWNSHIP.

COMMON SCHOOLS. — *Towns.*—*School Corporation.*— *Ownership of School-House.* —*Title to Real Estate.*—*Trust and Trustee.*—In 1849 a school district purchased and took title to two lots in the village of L., situated in the district, for the use of the district, for a school-house. Under the act of 1852, P. school township, in which was the village, took possession of the property, and held it until 1876, when the village of L. became an incorporated town, the township meantime erecting a valuable school-house thereon.

*Held*, that the school township was, from the taking effect of the school law of 1852, seized of the property as trustee by statute, as successor of the school district until the village became incorporated, when the school town thus created became such trustee by statute, as the successor of the township (the property being within its territory), and thereby acquired the exclusive right to its possession and control. *Carson* v. *State*, 27 Ind. 465, followed, and *Heizer* v. *Yohn*, 37 Ind. 415, and *Reckert* v. *City of Peru*, 60 Ind. 473, distinguished.

SAME.—Under the Constitution and laws of this State, school property is held in trust for school purposes by those authorized, for the time being, to control it; and the Legislature may at any time change the trustee.

From the Kosciusko Circuit Court.

*J. S. Frazer* and *W. D. Frazer*, for appellant.

*H. S. Biggs*, for appellee.

NIBLACK, J.—This was an action by Plain School Township, of Kosciusko county, against the School Town of Leesburgh, to settle a controversy concerning the ownership and the possession of a school-house.

School Town of Leesburgh *v.* Plain School Township.

The complaint was in two paragraphs, but before issue was joined the first paragraph was withdrawn.

A demurrer was filed to the second paragraph, and, being overruled, the defendant declined to answer further. Final judgment was thereupon rendered against the defendant, for the recovery and possession of the school-house.

We are, therefore, only required to consider the question of the sufficiency of the second paragraph of the complaint.

That paragraph stated that, on the 17th day of December, 1849, one David Rippey, who was then trustee of School District No. 2, in Plain township, in said county of Kosciusko, purchased of one Metcalf Beck the following real estate, to wit: Lots 111 and 112, in the town of Leesburgh, in said township, which said town of Leesburgh was not then an incorporated town; that the said Beck executed a deed of conveyance for said lots to the said Rippey, as such trustee of School District No. 2, in Plain township, and his successors in office forever, for the use and purposes of said school district, to be exclusively occupied by a school-house or seminary of learning; that the said Rippey paid for said lots out of the special school fund levied upon, and collected from, the taxpayers of said district for that purpose; that, upon the plaintiff becoming a corporation for school purposes, it entered into the possession of said lots under the deed of conveyance to Rippey, and continued in possession of the same uninterruptedly for the period of twenty-five years, using said lots during all that time exclusively for school purposes; that while the plaintiff was so in possession of said lots, at great expense, to wit, the sum of $7,000, it made valuable and lasting improvements thereon, by erecting a large and commodious school-house to be used and occupied exclusively for school purposes; that the expenses incurred in the erection and construction of said school-house were paid out of the proceeds of a special tax levied upon and collected from the taxable property of all the people and taxpayers of said Plain School Township for that purpose; that all of said expenses so in-

curred have been paid except the sum of $700, which remains a valid debt against the plaintiff; that afterwards, to wit, on the 20th day of June, 1876, a corporation, called The Town of Leesburgh, was organized within the territorial limits of said Plain School Township; that said lots and school-house are embraced and included within the corporate limits of said incorporated town of Leesburgh; that school trustees have been elected for said town of Leesburgh, who have wrongfully taken possession of said lots and school-house, and have unlawfully kept the plaintiff out of possession for two years then last past; that more than three-fourths of the territory constituting School District No. 2, at the time of the purchase of the lots by Rippey, lies outside of the corporate limits of the School Town of Leesburgh, and still remains within the limits of Plain School Township, and that only a small portion of said township is included within the School Town of Leesburgh.

Upon this statement of facts the plaintiff claimed to be the owner, and demanded the possession, of the lots and school-house. By the school laws, in force at the time Rippey purchased the lots in controversy, each school district constituted a separate and distinct school corporation, and was authorized to acquire real estate by any of the usual methods, and to hold the same for the use of schools of the district. R. S. 1843, p. 265, section 198; p. 310, section 41.

By the act of June 14th, 1852, each civil township was created and declared to be a school corporation, and all the duties, which the trustees of school districts had theretofore been required to perform, were devolved upon the township trustees. Each city and incorporated town of the State was also created, and declared to be, a school corporation independent of the township in which it might be situated, and entitled, through trustees elected or appointed for that purpose, to control all educational affairs pertaining to public schools within its territorial limits. The townships, incorporated towns and cities were respectively placed in charge of the school-houses and other property belonging to the public schools which fell

within their jurisdiction, and, by operation of law, such townships, incorporated towns and cities became the successors as school corporations of the school districts throughout the State.   1 R. S. 1852, p. 439, sections 4, 8, 10, 32, 132.

These provisions of the act of 1852 were substantially reenacted and continued in force by the acts of March 5th, 1855, 1 G. & H. 542, and of March 6th, 1865, 1 R. S. 1876, p. 778, respectively.   Assuming the allegations of the complaint to be true, as the demurrer admitted them to be, the appellee never had any title to the lots beyond the possession of them as a merely statutory trustee succeeding the school district represented by Rippey, the *cestuis que trust* being the persons entitled to attend the public schools, which were from time to time kept in houses erected or placed on said lots.   When the appellant, the School Town of Leesburgh, was incorporated, it became the successor of the appellee in all educational matters within the territorial limits of such town, and as much a separate and distinct school corporation as was the appellee over the territory of the township which remained within its jurisdiction.

The appellant, therefore, succeeded, as a newly created statutory trustee, to the management and control of the schoolhouse situate upon the lots in suit, upon the principle that it fell within the territorial jurisdiction of the town, from which the authority of the appellee as a school corporation was excluded, and was a public school building to which no other school corporation had any lawful claim or adverse title. *State, ex rel.,* v. *Shields,* 56 Ind. 521.   Counsel for the appellant rely very much in argument upon the case of *Carson* v. *State,* 27 Ind. 465, as supporting their claim to a reversal of the judgment below.   On the other hand, it is insisted that the subsequent cases of *Heizer* v. *Yohn,* 37 Ind. 415, and of *Reckert* v. *City of Peru,* 60 Ind. 473, overrule that case, and fully sustain the decision below overruling the demurrer to the complaint.

These later cases are apparently inconsistent with the first

named case in some material respects, but in those cases the legal title, resting upon deeds of conveyance, was in the respective townships, and in that particular this case differs from each of those. How far this difference constituted a material difference as between this and all of those cases, we will not now attempt to decide. Nor do we think it necessary now to enter upon a review of those cases. That can better be done in some case more nearly in line with some one of those cases than this one is. The case of *Carson* v. *State* formulates one abstract proposition which seems not to have been disapproved, and which appears to us to be applicable to this case, and that is that, "Under the Constitution and laws of this State, school property is held in trust for school purposes by the persons or corporations authorized for the time being by statute to control the same. It is in the power of the Legislature, at any time, to change the trustee."

The long continued possession of the school-house in question by the appellee as a school township, and the expenditure of large sums of money upon it for school purposes, conferred no new or additional title or claim to it upon the appellee. That possession and those expenditures were presumably for the benefit of the *cestui que trust,* or the class of persons now represented by the appellant, and were in no manner inconsistent with the present claim of the appellant to the possession of the school-house. By the proper transfers, all the school children of the vicinity can be permitted to attend school at the school-house, as they might have done before the appellant became a separate school corporation.

If, as claimed, the taxable property within the town of Leesburgh can not be made to pay its fair proportion of the indebtedness still resting on the township on account of the school-house, that suggests a defect in existing laws which can, and perhaps ought to, be remedied by additional legislation, but does not affect the question as to which school corporation is entitled to the possession of the lots and school buildings. In making expenditures of public moneys upon school-

houses, township and other school trustees are expected to take ordinary future contingencies into account, and to give attention to the title of the ground on which school buildings are erected. 1 R. S. 1876, *supra*, p. 813, sec. 157. Inattention to such considerations may, and doubtless often does, entail losses for which the courts can afford no adequate remedy.

The conclusion we have reached is that the court below erred in overruling the demurrer to the complaint.

The judgment is reversed, with costs, and the cause remanded for further proceedings not inconsistent with this opinion.