The School Township of Allen *v.* The School Town of Macy.

No. 12,994.

The School Township of Allen *v.* The School Town of Macy.

Common Schools.—*School Property.* — *Trusteeship.*—Under the Constitution and laws of this State, public school property is held in trust for school purposes by the persons or corporations authorized to control it, and the Legislature may, at its pleasure, provide for a change in the trusteeship.

Same.—*Town.*— *When Entitled to Conveyance of Township Property.*—When a town is incorporated and organized as a school corporation, it succeeds the school township in which it is situated in all educational matters connected with the public schools within its limits, and the title to school buildings previously erected therein by the township vests in the town, and, under section 4508, R. S. 1881, it is entitled to a conveyance of such property for common school purposes.

From the Miami Circuit Court.

*H. J. Shirk, J. Mitchell, R. P. Effinger* and *R. J. Loveland,* for appellant.

*J. M. Brown, N. N. Antrim* and *D. P. Baldwin,* for appellee.

Niblack, J.—This was a suit by the School Town of Macy, in the county of Miami, in this State, against the School Township of Allen, in the same county, to quiet the title to, and obtain a conveyance for, a tract of land containing about three acres, and situate within the territorial limits of said town of Macy, upon which a school building had been erected.

The complaint averred that the town of Macy had, at the March term, 1884, of the board of commissioners of said county of Miami, become an incorporated town, and had since so continued to be; that said town had thereafter elected three school trustees as the law required, and had become fully organized as a school corporation; that prior to the incorporation of such town its territorial limits constituted a part of the territory of the township of Allen, which had been divided into nine school districts, in each of which school-houses had been erected at the common expense of all the taxpayers of the township; that said school district No.

one (1) embraced all of the territory of said town of Macy and other contiguous territory; that on the 6th day of May, 1882, the school township of Allen purchased the tract of land in controversy, and afterwards received a conveyance therefor; that during the year 1883 a school-house was erected on said tract of land for the use of said school district No. one (1), which had since been exclusively used by the citizens of such district for school purposes; that all the inhabitants of the remaining territory of said school district No. one (1) had been attached to said school town of Macy for educational purposes, and had become entitled to participate, and were in fact participating, in the use of said school-house and grounds thereto attached; that there was no other public school-house remaining either in said school town of Macy or within said school district No. one (1); that the said school township of Allen was claiming the exclusive ownership and control of said school-house and the tract of land on which it is situate, and asserting the right to sell and dispose of such tract of land, with the appurtenances, without the consent of said school town of Macy, and to appropriate the proceeds thereof to the use of such school township. Wherefore the said school town of Macy asked that its title to said tract of land, with the school-house situate thereon, be quieted, and that said school township be required to convey said tract of land to it, the said school town, for school purposes.

A demurrer to the complaint being first overruled, the school township answered, admitting, either expressly or impliedly, the material allegations of the complaint, but averring that the tract of land described in the complaint was purchased at a cost of $250, which was paid out of the special school revenue belonging to the township; that during the year 1883, the school township erected on the tract of land in question a large brick school building, at a cost of $5,000; that $2,000 of said sum was paid out of the special school revenue of the township; that the remaining $3,000

was obtained by borrowing that sum from one Charles H. Brownell on the credit and notes of the township as a school corporation ; that thereafter such township had complete possession and control of said school building until the said town of Macy was incorporated, after which the school trustees of said town forcibly took possession of said building, and had ever since continued in such possession without right.

The school township also filed a cross complaint in two paragraphs, each substantially setting up the same facts. The first paragraph demanded possession of the school building and grounds, and the second prayed that, in the event that the title to such building and grounds should be decreed to be in the said school town, the same should be subject to the payment of the amount due to the said Charles H. Brownell as above stated.

Demurrers were severally sustained to the answer, and to both paragraphs of the cross complaint, and the school township refusing to answer further, judgment was rendered against it upon demurrer, and a commissioner was appointed to convey the tract of land in dispute to the school town of Macy.

When the town of Macy was incorporated, and was organized as a school corporation, it became the successor of the school township of Allen in all educational matters connected with the public schools within its territorial limits, and, as a necessary consequence, the jurisdiction which such school township had theretofore exercised within such territorial limits was thereafter entirely excluded.

" There *can not be*, at the same time, *within the same territory, two distinct municipal corporations*, exercising the same powers, jurisdictions, and privileges." Dillon Munic. Corp. (3d ed.), section 184.

An incorporated town is as much a distinct municipal corporation for school purposes as is a civil township. Section 4438, R. S. 1881. It is, also, now a well recognized legal

Vol. 109.—36

inference, deducible as well from general principles as from the decided cases, that, under the Constitution and laws of this State, public school property is held in trust for school purposes by the persons or corporations authorized for the time being to control such property, and that it is in the power of the Legislature to provide for a change in the trusteeship of such property in certain contingencies, presumably requiring such a change, or, indeed, to change the trustee of that class of property whenever it may choose to do so.

It was held in the case of *School District No. 1* v. *Richardson*, 23 Pick. 62, that when a township abolishes its existing school districts and forms new districts, the titles to the school houses then in existence vest in the new districts within whose territory they happen to fall. This case was followed by, and there was substantially the same holding in, the case of *School District No. 6* v. *Tapley*, 1 Allen, 49, and the correctness of the conclusions reached in those cases has been either expressly or impliedly recognized by the cases of *Carson* v. *State*, 27 Ind. 465, *State, ex rel.*, v. *Shields*, 56 Ind. 521, and *School Town of Leesburgh* v. *Plain School Township*, 86 Ind. 582. These conclusions were in accordance with the general principles governing the use, occupation and control of public property situate within territory which has been transferred to a new governmental jurisdiction, and apply as well to new school corporations created by the incorporation of towns and cities, as to school corporations formed by civil townships, or by school districts wherever they are made to constitute distinct and independent school corporations, as they are in many of the States.

Section 4508, R. S. 1881, provides that "The title to all lands acquired for school purposes shall be conveyed to the township, incorporated town, or city for which it is acquired, in the corporate name of such township, town, or city, which is used for school purposes, for the use of common schools therein. In all cases in which the title to any such land is

vested in any other person or corporation than as above provided, it shall be the duty of the trustee for school purposes of the township, town, or city to procure the title to be vested as in this section provided."

Under the provisions of this section of the statute, and upon the facts stated in the complaint, the school town of Macy was, as we believe, entitled to a conveyance to it of the tract of land and school building in question, to be held and used by it for common school purposes, and, in that view, the circuit court did not err either in overruling the demurrer to the complaint, or in sustaining demurrers to the answer and cross complaint.

The only cases to which our attention has been directed, which are in seeming conflict with the conclusion reached in this case, are *Heizer* v. *Yohn*, 37 Ind. 415, and *Reckert* v. *City of Peru*, 60 Ind. 473.

But neither one of those cases involved the precise question presented in this case. In each of those cases the title had been permitted to remain in the township which had purchased the land and erected a school-house upon it, and in each the proceeding was for an injunction to restrain the township trustee from selling or otherwise disposing of the land and school-house, to the prejudice of the corporation within whose limits they had fallen by an extension of its boundaries.

If, in those cases, conveyances to the school city corporations had been demanded, a different question from that respectively decided by each of them would have arisen, and they would then have been, in principle as well as in their facts, similar to the case before us.

Whether the school town of Macy might be made directly responsible for any part or proportion of the debt incurred for the erection of the school building in litigation in this case, and, if so, in what manner and under what circumstances, are questions not separately and distinctly raised by the plead-

ings, and concerning which we, for that reason, neither express nor intimate any opinion. On that subject, see Dillon Munic. Corp., sections 186 to 189, both inclusive.

The judgment is affirmed, with costs.

Filed Feb. 24, 1887.