No. 17,236.

THE BOARD OF SCHOOL COMMISSIONERS OF THE CITY
OF INDIANÀPOLIS *v.* CENTER TOWNSHIP ET AL.

| | |
|---|---|
| 143 | 391 |
| 155 | 197 |
| 143 | 391 |
| 159 | 427 |

PLEADING.—*Character of, How Determined.*—The character of a pleading is determined by its averments and not by the name given to it.

SAME.— *Partial Defenses Seeking Affirmative Relief.* — So-called partial defenses are not objectionable for failure to point out the particular cause of action they seek to bar, where they are essentially different paragraphs of a cross-complaint or counterclaim setting up matters not in bar of the action, but asking for affirmative relief.

SCHOOL CORPORATIONS.—*School City.—Extension of Territory.— Including Property of School Township.*—The annexation to a city of territory which contains a school-house and lot belonging to the school township from which the territory is taken, gives no right of action to such township against the school corporation of the city for the value of the property, or for any part of the unpaid indebtedness of the township for the purchase of the lot, or the erection of the house, under the act of March 3, 1893, providing that the title to the school property embraced in annexed territory shall vest in, and be conveyed to, the school corporation of the city without provision for payment.

CONSTITUTIONAL LAW.—*Statute Vesting School Property of School*

*Township in School City.—Annexed Territory.—Property Held in Trust.*—A statute vesting in a city to which territory of a school township is annexed, the school property in the annexed territory, without providing for compensation to such township, is not invalid as destroying or interfering with vested rights, as the township holds the title only as trustee, and the State may change the trustee.

From the Marion Superior Court.

*C. A. Dryer*, for appellant.

*Ayres & Jones*, for appellees.

McCABE, J.—The appellant sued the appellees in the superior court, in a complaint of three paragraphs, to recover possession and quiet the title in appellant of several parcels of real estate on which had previously been erected school houses for the use of the common schools of said Center township, and to compel the trustee to convey the same to appellant, and which afterwards, and prior to this suit, by an ordinance of annexation of territory, had become embraced within the limits of said city.

The defendant, Center township, by Gold, trustee, answered by a general denial.

Center School township answered in four paragraphs of so-called partial defenses, to each of which the court overruled a demurrer for want of sufficient facts.

The appellant refusing to plead further, and standing by its demurrer, there was judgment rendered in accordance with the prayer of the complaint, and of said answers, quieting appellant's title in and to said real estate, and it was adjudged and decreed that said Gold, trustee of said Center School township, or his successor in office, do execute to the plaintiff, the Board of School Commissioners of the City of Indianapolis, a conveyance of all the lots and parcels of real estate

described in the complaint, upon the payment by said plaintiff to him or his successor in office of $4,821.48. And the court ordered, adjudged and decreed that said plaintiff, the Board of School Commissioners of the City of Indianapolis, pay to said Center School township of Marion county, Indiana, the said sum of $4,821.48.

On appeal to the general term, the ruling upon the demurrer to each of said answers was assigned for error. The general term affirmed the judgment of the special term.   And the action of the general term in affirming the judgment of the special term is assigned here for error.

Therefore the only question presented for decision is the sufficiency of the facts stated in the several paragraphs of the so-called answer to constitute the partial defense set up in each.   The first objection urged to the sufficiency of such answers is, that while they each purport to be a partial answer, yet they do not point out the particular part of the cause of action they seek to bar.

Without spending time on a discussion of the point thus raised, it is sufficient to say that the pleadings called partial answers were not answers at all, but were essentially different paragraphs of a cross-complaint or counterclaim, and nothing else, setting up matters not in bar of the action, but asking for affirmative relief, and such relief was granted by way of a money judgment against the plaintiff, though all the relief asked in the complaint was awarded.   This is the most favorable view for appellees that can be taken of these pleadings.

The character of a pleading is determined by its averments, and not by the name given it.   *Searle* v. *Whipperman*, 79 Ind. 424; *Campbell* v. *Routt, Admr.*, 42 Ind. 410; *Johnson* v. *Hosford*, 110 Ind. 572.

Board of School Com. of the City of Indianapolis v. Center Tp. et al.

The lot involved in the first paragraph of the complaint is alleged to have been purchased by the trustee for the use and benefit of the common schools of Center School township in 1870 ; the lot involved in the second paragraph of the complaint was purchased for like use by said trustee in 1873, and that involved in the third paragraph was purchased for the same use by the trustee of said township in 1880.    The title was taken in the name of Center township, instead of Center School township, but the latter took possession, erected school buildings thereon from the special school revenues of the township, and said school corporation had ever since used the same for school purposes until the annexation before mentioned.

The first, second and third paragraphs of the so-called answer are each addressed to one of the three paragraphs of the complaint, and the fourth paragraph of such answer is addressed to all three of the paragraphs of the complaint.    The only difference between the several paragraphs of such answer or cross-complaint, as we hold it to be, is that the first three paragraphs are addressed each to a different paragraph of the complaint, and the fourth is addressed to all three of the paragraphs of the complaint.

We therefore need not notice any but the fourth paragraph.

The substance of the fourth paragraph of such cross-complaint is as follows :    That the real estate described in the amended complaint herein was purchased for the benefit of said Center School township and the buildings erected thereon and were paid for out of the special fund of said school township as alleged in the complaint; that in order to purchase and so improve said real estate and other real estate owned by said school township used for school purposes, it was necessary to create

an indebtedness on account of such special fund of said school township in the sum of $4,200.00; that the same has in part been paid and the amount thereof remaining unpaid is $2,400.00; that the proportionate part of said indebtedness so owing by said school township on account of said fund, and which was incurred on account of said real estate in the complaint described, amounts to the sum of $8,000.00; that in the creation of said indebtedness the revenues of said township were necessarily anticipated; that only a portion of the school township was annexed to the said city, leaving about two-thirds thereof still outside of the limits of said city, and the taxable property in that part of the township remaining outside of said city is only about two-thirds of what it was just prior to the annexation and in consequence thereof the revenues of said school and civil townships will be reduced one-third; that the plaintiff is collecting and receiving that portion of the revenue collected by law for school purposes for the portion of said township so annexed to said city, and in anticipation of the collection and use of which the said indebtedness was incurred by said township.

Wherefore the defendant prays that said plaintiff, if adjudged to be the owner of said real estate and entitled to a conveyance of the same, be required to take the same subject to its *pro rata* portion of the said indebtedness of the special school fund of said school township and for all other proper relief.

The theory on which this cross-complaint or counter-claim is framed is that the plaintiff, the appellant, had the right to have the title to the school-houses described therein vested in it for the use and benefit of the common schools of the city of Indianapolis; and that because Center School township was in debt for a part of the cost thereof, the school city was bound to pay a

part of that indebtedness proportioned to the amount of taxable property withdrawn from the school township by the annexation.

The demurrer to the different paragraphs of the cross-complaint, therefore, presents the question whether the annexation of territory to a city, which territory contains a school-house and lot belonging to the school township from which the territory is taken, affords a cause of action in favor of such school township against the school corporation of such city, either for the value of such property, or for a part of any unpaid indebtedness of such school township, incurred in either the purchase of the lot or the erection of the house.

If there can be a recovery by the school township for any part of the unpaid indebtedness on account of the cost of such school building in the absence of statutory authority, then no reason is perceived why there could not be a recovery against the city school corporation for the full value of the property regardless of any indebtedness.

The question is not a new one in this court, though there is not perfect harmony in its decisions thereon.

In *Carson* v. *State*, 27 Ind. 465, a school lot purchased by the township of Hanover, situated within the limits of the unincorporated town of Hanover, in said township, in Jefferson county, and on which the township erected a school-house for the use of the common schools of the township. Afterwards, in 1858, the town was incorporated. And it was held that the school corporation of the town of Hanover succeeded to the rights of the township of Hanover, and thereby became the owner of the school-house and lot, and that the title thereto had theretofore been held in trust for school purposes, and that the Legislature could change the trustee at any time.

The next time the question came before this court was in *Heizer* v. *Yohn*, 37 Ind. 415. It was there held that "Where real estate is purchased and buildings erected thereon for school purposes, by the trustee of a school township, with the proceeds of a special school tax, and subsequently the territory embracing such property is annexed to a city, leaving more than half the school township outside of the city limits, the title to the school lots and buildings still remains in the trustees of the school township, and the property may be sold by them."

While the latter case was not parallel with the former in all its facts, yet the slight difference in the facts in the two cases hardly afforded ground for the distinction that was attempted to be pointed out in the latter case between the two cases.

The question next arose in *State, ex rel.*, v. *Shields*, 56 Ind. 521, where it was held that a school-house and lot outside of the corporation of Mt. Carmel, which had been attached thereto for school purposes so used for many years, and on which said Mt. Carmel school corporation had expended $4,000 in enlarging and improving the school building, could not be recovered by the school corporation of Mt. Carmel against the trustee of the township and a teacher of a township school employed and placed in possession by said trustee.

The next time the question arose was in *Reckert* v. *City of Peru*, 60 Ind. 473, where *Heizer* v. *Yohn*, 37 Ind., *supra*, was followed without noticing *Carson* v. *State*, 27 Ind., *supra*, or *State, ex rel.*, v. *Shields*, 56 Ind., *supra*, holding that real estate conveyed to, and paid for by, a school township, remains the property of the township, notwithstanding the fact that the real estate conveyed is included in territory subsequently

annexed to a city adjoining, where such annexation includes part only of the territory of such township.

The question next arose in *School Town of Leesburgh* v. *Plain School Tp.*, 86 Ind. 582, where *Carson* v. *State, supra*, and *State, ex rel.*, v. *Shields, supra*, were followed and *Heizer* v. *Yohn, supra*, and *Reckert* v. *City of Peru, supra*, were distinguished, but the distinguishment was practically a mild way of overruling those cases.

In that case the trustee of Plain township, in Kosciusko county, on December 17, 1849, purchased the lots in question in the then unincorporated town of Leesburgh, which was in Plain township, in said county. And the deed conveyed the lots to Rippey, trustee of school district No. 2, in said township, for the use of the schools of said district. That the township had possession and control for twenty-five years, and while so in possession, at an expense of $7,000.00, erected a school building thereon, which had been exclusively used for school purposes of the township. And that the cost of said building was collected from the taxable property of all the people of the township, all of which had been paid except the sum of $700.00, which remained a valid debt against the township. Afterwards Leesburgh, on June 20, 1876, was incorporated, including within its corporate limits the lots and schoolhouse in question.

On this statement of facts, it was claimed by the plaintiff that the township was the owner and entitled to possession, but it was held by this court that it was not the owner and not entitled to the possession. It was held that "The appellant [the school corporation of the subsequently incorporated town of Leesburgh] therefore, succeeded, as a newly created statutory trustee, to the management and control of the school-house situ-

ate upon the lots in suit, upon the principle that it fell within the territorial jurisdiction of the town, from which the authority of the appellee [the township] as a school corporation was excluded, and was a public school building to which no other school corporation had any lawful claim or adverse title."

In answer to the argument that such a conclusion was unjust and inequitable to the taxpayers of the township other than those included in the newly created corporation it is. there said :  "The long continued possession of the school-house in question by the appellees, as school township, and the expenditure of large sums of money upon it for school purposes, conferred no new or additional title or claim to it upon the appellee.  That possession, and those expenditures were presumably for the benefit of the *cestui que trust*, or the class of persons now represented by the appellant, and were in no manner inconsistent with the present claim of the appellant to the possession of the school-house.  By the proper transfers, all the school children of the vicinity can be permitted to attend school at the school-house, as they might have done before the appellant became a separate school corporation.

"If, as claimed, the taxable property within the town of Leesburgh cannot be made to pay its fair proportion of the indebtedness still resting on the township on account of the school-house, that suggests a defect in existing laws which can, and perhaps ought to be remedied by additional legislation, but does not affect the question as to which school corporation is entitled to the possession of the lots and school buildings.  In making expenditures of public moneys upon schoolhouses, township and other school trustees are expected to take ordinary future contingencies into account, and to give attention to the title of the ground on which

school buildings are erected. [Citing the statute.] Inattention to such considerations may, and doubtless often does, entail losses for which courts can afford no adequate remedy." Again the question came up in the *School Tp., of Allen* v. *School Town of Macy*, 109 Ind. 559, the same principle was applied, and the three cases of *Carson* v. *State, supra; State, ex rel.*, v. *Shields, supra*, and *School Town of Leesburgh* v. *Plain School Tp., supra*, were approved and followed; and that case was approved and followed in *Newpoint Lodge, etc.*, v. *School Town of Newpoint*, 138 Ind. 141.

According to the established doctrine of these cases the school corporation of the city of Indianapolis, by the annexation of the territory, became the successor in the title and right to control and use the school buildings for the benefit of the common schools of said city. In *Towle, Tr.*, v. *Brown, Aud.*, 110 Ind. 65, it was said: "In the absence of express legislation, or some constitutional provision on the subject, the general rule is, that on the division of a township, or other municipal corporation, into two separate townships or corporations, each is entitled to hold in severalty the public property which falls within its territorial limits." And the same principle was decided in *Zartman, Tr.*, v. *State, ex rel.*, 109 Ind. 360.

The whole argument of the learned counsel for appellees in support of the ruling upholding the cross-complaint is based on the idea that it would be highly inequitable to allow the city school corporation to get the benefit of the taxes collected and to be collected, to defray the expense of purchasing the lots, and building the school houses without contribution, and that the courts have power to adjust such equities by decreeing contribution against the city school corporation. But

the difficulty in the way of that argument is that contribution may result in forcing the taxpayers residing in the annexed territory to pay twice, or to pay their proportion of the tax a second time. Dillon on Munic. Corp. lays down the rule in such cases thus: "On the division of a town or public corporation, possessing corporate property, into two separate towns or communities, each in the absence of a different provision by the Legislature is  *  *  *  entitled to hold in severalty the public property which fell within its limits. The old town retains its property, rights and privileges formerly belonging to it, and is subject to all its former duties and liabilities, at least as regards property which has no fixed location in the new town." Dillon Munic. Corp. (3d Ed.), section 188. The rule is more definitely laid down in 15 Am. and Eng. Ency. of Law, 1023–6, citing numerous authorities in support thereof, thus:

"Where, upon the division of a municipality, the Legislature does not prescribe any regulations for any apportionment of the property, or that the new corporation shall pay any portion of the debt of the old, the old corporation will hold all the corporate property within her new limits, and be entitled to all the claims owing the old corporation, and it is responsible for all the debts of the corporation existing before and at the time of the division ; and the new corporation will hold all the property falling within her boundaries, to which the old corporation will have no claim.  *  *  *  But upon the division of an old public corporation, and the creation of a new one out of part of the inhabitants and territory, or the annexation of a portion of another corporation, the Legislature may provide for the equitable distribution or division of the corporate property, and impose upon the new corporation or upon the people and

territory thus disannexed, the obligation to pay an equitable proportion of the corporate debts.   These powers, that of division of public corporations and that to prescribe the rule by which the property of the corporation shall be divided, and the debts apportioned, being strictly legislative, the courts have no authority over the subject and can only construe the act of the Legislature and see that the legislative will is carried into effect."

It is not claimed on behalf of the appellees that any such legislation has ever been enacted in this State upon the subject.   But the appellant claims that an act was passed on the subject which supports its contention. The act approved March 3, 1893, consisting of one section only and an emergency clause provides:   "That, whenever there has been, or may hereafter be, by proper proceedings, any territory annexed to any city, or incorporated town of this State, which territory included within such boundary as annexed any real estate, which prior to such annexation was the property of the school township adjoining such town or city, and used for school purposes by such school township, such real estate shall by virtue of such annexation at once become in fee simple, the property of the school corporation of such town or city, within the corporate boundaries of which it is found after such annexation of territory, and it is hereby made the duty of the township trustee to at once execute and deliver to the school corporation of such town or city, a deed conveying such title as his school township has, for all school property which has passed by such proceedings from the territorial jurisdiction of the township to that of a town or city."   Acts 1893, p. 194.

Here the Legislature has made provision that the title to school property embraced in annexed territory

shall vest in and be conveyed to the school corporation of the annexing city, without making any provision for payment of any part of the value of such school-houses or any part of any indebtedness of the school township created on account thereof and remaining unpaid.

But it is insisted that in so far as the statute is retrospective it is void as to vested rights. The act is expressly retrospective, and therefore applies to the annexation involved in this case. Retrospective laws may be passed by the Legislature when they do not destroy or interfere with vested rights. *Andrews* v. *Russell*, 7 Blackf. 474; *Reed* v. *Coale, Admr.*, 4 Ind. 283; *Pritchard* v. *Spencer*, 2 Ind. 486; *Flinn* v. *Parsons, Admr.*, 60 Ind. 573; *Johnson* v. *Board, etc.*, 107 Ind. 15; *Dowell* v. *Talbot Paving Co.*, 138 Ind. 675.

The act did not interfere with vested rights, because the school township only held the title as we have seen as trustee, and the State has the right, as it did in this act, to change the trustee. Indeed, the act does nothing more than re-enact what this court had already declared the law to be in the cases we have cited in this opinion upon that point.

The question presented by the cross-complaint is the same precisely as if the trustee of Center township had promptly conveyed the school-houses and lots in question to the city school corporation, in obedience to the above mentioned act, and then sued the city school corporation for contribution as he has in the cross-complaint. The problem would be, as it now is, solved by recurring to the elementary principle that no person or corporation can be made liable to pay money outside of a tort, without a contract, express or implied, to that effect, unless such liability is created by positive law or legislative enactment. 13 Am. and Eng. Ency. of Law, 287, and authorities there cited.

There is no room for, and there is no contention that the facts establish such a contract, either express or implied, on the part of the city school corporation. Such city school corporation had nothing to do, and could have nothing to do, in bringing the annexed territory into the city, even if that would create an implied obligation to contribute. Moreover, its objections and protest against the annexation, if it had any, would have been impotent and powerless to prevent the same. R. S. 1894, sections 3808–3809. Acts 1891, p. 137, sections 37–38. Therefore, if the city school corporation in this case is to be made liable to contribute, that liability must be created by the decree of the court, as was attempted to be done in this case. The creation of such liability being the exercise of a legislative function or power which the constitution forbids the courts to exercise, the superior court erred in attempting to do so. Section 1, article 3, Const., R. S. 1894, section 96. It follows from what we have said that the special term erred in overruling the demurrer to the several paragraphs of the cross-complaint, and consequently the general term erred in affirming that part of the judgment resting on the cross-complaint, namely, the judgment against the appellant for $4,821.48.

That part of the judgment is reversed, and the judgment in favor of the appellant, the city school corporation, for the conveyance to it of the school-houses and lots is affirmed, freed from the condition to pay said sum.

The cause is remanded, with instructions to sustain the demurrer to the several paragraphs of the so-called answer, but which is a cross-complaint or counterclaim.

Filed January 23, 1896.