## Maumee School Township *v.* School Town of Shirley City.

[No. 19,824. Filed November 20, 1902.]

Schools and School Districts.—*Municipal Corporations.*—*Incorporation.*—*Title to School Property.*—The act of 1899 (Acts 1899, p. 376) providing "that in all cases where any city or incorporated town of this State has annexed, or shall hereafter annex, any territory, or where any town shall be hereafter incorporated in which territory so annexed or incorporated there was, or shall be, the property of any school township used by such school township for school purposes, and such school township was, or shall be, at the date of such annexation indebted," etc., the school corporation of such city or town shall be liable for such indebtedness and shall not be entitled to the possession of such property until it shall have paid such indebtedness, does not apply to school property embraced within a town which was

incorporated prior to the passage of this act, and in such case, in the absence of any statute making the school city liable for the payment of the debt, the property passed by operation of law to the school city.

From Allen Circuit Court; *J. W. Adair*, Special Judge.

Action between Maumee school township and the school town of Shirley City for the possession of school property. From a judgment for the town, the township appeals. *Affirmed.*

*W. P. Breen* and *John Morris, Jr.*, for appellant.

*W. G. Colerick*, *K. C. Larwill* and *Guy Colerick*, for appellee.

DOWLING, C. J.—In 1894, Maumee school township caused to be built on lands owned by it for school purposes a schoolhouse costing $3,500. Afterward, on April 8, 1897, the town of Shirley City was incorporated under the general law of this State. The boundaries of the town at the time it was laid out and incorporated included this school lot and building. A board of trustees for the school town of Shirley City having been duly elected and qualified, it claimed the possession and control of this school property. The trustees of Maumee school township denied the right of the board to such possession and control on the ground that the school township, on March 3, 1899, was indebted for the buildings constructed on the said lot to the amount of $1,104.66; that by virtue of the provisions of an act of the legislature passed March 3, 1899 (Acts 1899, p. 376, §5997a Burns 1901), the school city was made liable for said debt, and the possession of the said school lot and building was given to the school township until it should be fully paid. The appellee contends that this is not the proper construction or legal effect of the said act, and insists that, if it is, the act is retrospective, devests vested rights, and, therefore, is unconstitutional and void.

It is entirely clear, as we think, that the act of March 3, 1899, *supra,* does not apply to the circumstances of this

case. So much of it as bears upon the question before us is as follows: "Section 1. Be it enacted, * * * that in all cases where any city or incorporated town of this State *has annexed,* or *shall hereafter annex* any territory, or where any town *shall be hereafter incorporated in which territory so annexed or incorporated* there was or shall be the property of any school township used by such school township for school purposes, and such school township was, or shall be at the date of such annexations, indebted either for the purchase of said school property, or for buildings constructed thereon, which indebtedness is unpaid at the date of the passage of this act, it shall and is hereby made the duty of the school corporation of such city, or incorporated town to pay such indebtedness, and such school corporation is hereby declared to be and made liable therefor. Until such city or town school corporation shall have paid such indebtedness it shall not be entitled to possession of such property, or to a deed therefor," etc. (Our italics.)

This statute operated on cities and towns which, previously to the passage of the act, had *annexed* territory on which school property was situated, or which should *annex* such territory subsequently to the passage of the act. It applied, also, to those cities and towns which should be incorporated after March 3, 1899, in which territory annexed by them, or included within their corporate limits, there was, or should be, the property of any school township used by such school township for school purposes.

In construing a statute, its words must be interpreted according to their plain and ordinary sense. The term "annex" means to add or unite to something already existing; to subjoin; to affix; as, to unite a province to a kingdom, a codicil to a will, a condition to a grant. In Black's Law Dictionary, the word "annexation" is thus defined: "The act of attaching, adding, joining, or uniting one thing to another; generally spoken of the connection of a smaller or subordinate thing with a larger or principal thing.

\* \* \* So, the incorporation of newly-acquired terri-tory into the national domain, as an integral part thereof, is called 'annexation,' as in the case of the addition of Texas to the United States." The town of Shirley City did not at any time *annex* the tract of land on which the school property in dispute was situated. That lot was em-braced within the territory of the town at the time the town was incorporated. Before the incorporation of the town, there was nothing to which to annex the lot. At the time of the incorporation of the town, this lot, like all other lots within the boundaries of the corporation, was a portion of the property constituting the territorial area of the town. The legal proceedings by which it was brought within the limits of the corporation could not, by the most violent straining of the signification of the term, be denominated "annexation." As well might it be said that the county of Allen was annexed to the State of Indiana, or Maumee township annexed to that county.

The statute, as we have observed, also extended to "any town hereafter incorporated," i. e., incorporated after the passage of the act of March 3, 1899. But the town of Shirley City was incorporated April 8, 1897, or nearly two years *before* the act was passed. It being evident that the act of March 3, 1899, does not apply here, we are not re-quired to determine the question of its constitutionality.

In this State public school property is held in trust for school purposes for the use of the public by the persons or corporations authorized, for the time being, to control the same. The person or corporation so holding the property is merely an agent or trustee for the State, or its inhabitants, and is liable at any time to be dis-placed, removed, or superseded by an act of the legislature, or by a change in the situation of the property by virtue of existing laws.

Prior to the enactment of the statute of March 3, 1899, *supra,* it had been declared by this court in numerous cases

that where a town was incorporated within the limits of a school township, a schoolhouse situated within the limits of the town passed to the possession and control of the school trustees of the town. The school board of the town succeeded, as a new statutory trustee, to the management and control of such school property within the territorial limits of the newly incorporated town, and the authority of the trustee of the township over such schoolhouse, upon the election and organization of the school board of the town, was wholly excluded therefrom. The fact that the school property was not paid for at the time of the incorporation of the town did not affect the authority of the school board of the town over it. By the act of March 3, 1899, a different provision was made under some circumstances; but, as we have seen, that act does not touch this case. §5996 Burns 1901. *School Tp., etc., v. School Town of Macy,* 109 Ind. 559; *School Town of Leesburgh* v. *Plain School Tp.,* 86 Ind. 582; *Carson* v. *State, ex rel.,* 27 Ind. 465; *Johnson* v. *Smith,* 64 Ind. 275; *Board, etc.,* v. *Center Tp.,* 143 Ind. 391; Cooley, Const. Lim. (6th ed.), 228, note 2, 229, note 2.

It follows that when the town of Shirley City was incorporated, and a board of school trustees for the school city was elected and qualified, the school property within the corporate limits of the town, previously controlled and managed by Maumee school township, passed, by operation of law, to the control and management of the school board of the town, notwithstanding the fact that said Maumee school township owed a debt for the purchase of the lot or the construction of the school buildings. At the time of the incorporation of the town of Shirley City, no law of this State made the payment of a debt owing by the school township for school property a condition of the transfer of such property by operation of law to the school city in which it was situated. *Board, etc.,* v. *Center Tp., supra.*

Several minor questions of pleading are discussed by counsel, and have been examined by us, but, in view of the conclusions stated in this opinion, they do not require special attention. The rulings of the court on the several demurrers were correct, and its judgment is affirmed.