No. 16,950.

## WARTHEN *v.* SIEFERT ET AL.

CONVEYANCE.—*By Cotenant of a Several Part Without Partition.*—A co-tenant can not, by his own deed, and without the co-operation of the other cotenants, select and dispose of his several interest in the common property, even though the part attempted to be conveyed is only equal in value to his share.

SAME.—*Title Taken by Grantee of Cotenant.—Life Estate.—Remainder.*—Where the owner of a life estate in land acquires by deeds from remaindermen title in fee simple to an undivided two-fifths thereof, a conveyance by him, prior to partition, of a definite part of the land, actually equal in value to two-fifths of the whole tract, carries to the grantee only the life estate in such part and the undivided two-fifths of the fee simple thereof.

SAME.—*Partition.—Title.*—C., by devise from her father, owned for life forty acres of land with remainder over to her five children. Two of the children, A. and G., each sold an undivided fifth to the mother. Afterwards the mother conveyed to her daughter, A., and the latter's two children, ten acres off the west side of the tract, and shortly afterward conveyed to the same grantees six acres more but not naming any particular part of the tract. In partition proceedings brought by these grantees they were found to be the owners of sixteen acres off the west side, and the same was sold by commissioners, C. being the purchaser. C. then sold the sixteen acres to W.

*Held,* that the interest acquired by C. at this sale was only such as she had power to previously convey, viz., her life estate and undivided two-fifths interest in the sixteen acres, and that the conveyance to W. carried no more.

From the Vanderburgh Superior Court.

*W. W. Ireland,* for appellant.

*W. S. Hurst,* for appellees.

HOWARD, J.—It is contended on this appeal that the trial court erred in its conclusions of law upon the facts found.

From the facts, as specially found by the court on the request of the appellant, it appears:

1, 2. That Nancy Calloway, by devise from her father, owned for life the forty acres in controversy, with remainder over to her five children, John, George, Benjamin, Matilda and Amanda.

3. That on January 19, 1856, George sold his undivided one-fifth interest to his mother, Nancy Calloway.

4. That on March 7, 1868, Amanda sold her fifth interest to her mother.

5. That on January 13, 1876, Nancy Calloway conveyed to her daughter Amanda and Amanda's two children ten acres off the west side of said land.

6. That on April 24, 1877, Nancy Calloway conveyed to said daughter and children six acres of said land, not naming any particular part of said forty acre tract.

7. That in partition proceedings brought by Amanda and her children in the Vanderburgh Circuit Court, the court found that they were each the owner of one-third of sixteen acres taken off the west side of said land, and ordered the same sold and the proceeds divided accordingly.

8. That on November 5, 1881, said sixteen acres were sold by the commissioner in partition to Nancy Calloway.

9, 10. That on August 26, 1882, Nancy Calloway conveyed said sixteen acres to the appellant, who at once entered into possession, and has so continued in possession ever since.

11. That on January 30, 1883, Matilda, her mother Nancy Calloway joining, conveyed her undivided fifth interest in said forty acres to appellant.

12. That on August 10, 1886, Nancy Calloway conveyed her undivided interest in said forty acres to her daughter, Amanda.

13. That on July 11, 1887, Amanda, her mother Nancy joining, conveyed twenty-four acres off the east side of said land to Catherine Busch, the deed containing the

statement that sixteen acres had theretofore been sold off the west side.

14. That Benjamin, son of Nancy Calloway, died leaving as his only heirs at law his widow and three children, Ella, Edgar and Nina.

15. That on June 2, 1887, Ella, daughter of Benjamin, conveyed her interest in said forty acres.to Catherine Busch.

16. That on August 26, 1890, Catherine Busch conveyed twenty-four acres off the east side of said forty acres to the appellee Cassie Siefert.

17. That on June 29, 1891, the widow and two remaining children of Benjamin, deceased son of Nancy Calloway, conveyed their interest in said forty acres to said appellee, Cassie.

18. That on January 28, 1886, Nancy Calloway conveyed to said appellee Cassie the undivided two-fifths of said forty acres, the deed not being recorded until July 11, 1892.

19. That on July 8, 1892, Amanda conveyed to the appellee Cassie the undivided three-fifths of said forty acres, at which time the said Amanda had no interest in said land.

20. That John, son of said Nancy, died leaving his children as his only heirs at law, and as such entitled to their father's interest in said forty acres.

21. That Nancy Calloway, the life tenant, departed this life August 10, 1889.

22. That the appellee Cassie has been in possession of, and cultivating about, twelve acres on the east side of said land for nearly three years.

23. That said land is not susceptible of division without damage to the owners, and ought to be sold and the proceeds distributed among them.

24. That said land is of the probable value of thirty-five dollars per acre, and is of equal value all through.

25. That all the deeds were of general warranty, except that of Amanda to her mother, Nancy, named in finding 4, which was by quitclaim.

The conclusions of law by the court were:

1. That the children of John, deceased son of Nancy Calloway, the appellee Cassie, and the appellant, are the owners in fee as tenants in common of said forty acres.

2. That said children of John are the owners of one-fifth, or five twenty-fifths of said land.

3. That the appellant, as the grantee of Matilda, daughter of said Nancy, is the owner of five twenty-fifths of said land.

4. That the appellant, by her purchase from Nancy Calloway of the sixteen acres off the west side of said land, took the interest of her grantor therein, which was her life estate, and the undivided two-fifths of the fee simple, which is equal to four twenty-fifths of the whole, making the entire interest of the appellant, nine twenty-fifths of said real estate.

5. That the appellee Cassie, as the grantee of the heirs of Benjamin, deceased son of Nancy Calloway, is the owner of five twenty-fifths of said land.

6. That the appellee Cassie, as the grantee of Nancy Calloway, is the owner of two-fifths of the twenty-four acres off the east side of said land, which is equal to six twenty-fifths of the whole, making her entire interest eleven twenty-fifths of said real estate.

7. That the facts as found in items 5, 6, 7 and 8 did not give to Nancy Calloway any greater estate in said sixteen acres than she had at the time she made the conveyance to her daughter Amanda and her grand children, as set out in item 5; and she could not, and did not, thereby convey any greater interest to the appellant

Warthen *v.* Siefert *et al.*

than she originally conveyed to her daughter and grand children. Said proceedings in partition only reinvested her with the rights she had before.

As to the ownership of the interests of two of the children of Nancy Calloway there can be no question. John's fifth interest has fallen to his children, as his only heirs. Matilda's fifth interest has gone to her grantee Elizabeth Warthen, the appellant.

Nor is any question made on this appeal, nor apparently was any made on the trial, as to the fifth interest of Benjamin. On his death it fell to his widow and three children. Two of the children and the widow conveyed their interest to the appellee Cassie. The other child, Ella, conveyed her interest to Catherine Busch; and it seems to have been taken for granted that Catherine Busch conveyed that interest to the appellee, in connection with her deed made of the twenty-four acres, August 26, 1890, as set out in finding 16. There is nothing, however, either in that or any other finding, showing directly any conveyance to any one by Catherine Busch of the interest received by her from Ella. But as the ownership of Ella's interest is not further considered in the findings, and is not brought in question in the briefs of counsel, we will pass it.

This leaves for consideration the ownership of the shares derived from the two remaining children, George and Amanda, one-fifth each.

The third and fourth findings show that the interests of George and Amanda were by them conveyed to their mother, Nancy Calloway, the life tenant, who thus became the owner, in fee simple, of the undivided two-fifths of the forty acres.

From the twenty-fourth finding, we learn that the forty acres were of the uniform value of thirty-five dollars per acre.

With this fact in mind, undoubtedly, Nancy Calloway appears to have considered that her two-fifths interest in the land was equal to sixteen acres; and the fifth and sixth findings show that she sold this sixteen acres to her daughter Amanda, and Amanda's two children, the sixteen acres being taken off the west side.

By partition and repurchase, as shown in findings seven and eight, the title to these sixteen acres again vested in Nancy Calloway, leaving her interest in all the land just the same as it was when she purchased the undivided two-fifths from George and Amanda, as shown in findings three and four.

Findings nine and ten show that she again sold this sixteen acres to the appellant. Whatever title, therefore, Nancy Calloway had in the sixteen acres passed by her warranty deed to appellant, who still owns it.

If Nancy Calloway had attempted to sell the whole forty acres, it is clear enough that her deed would convey only her interest, which, as we have seen, consisted of her life estate, and of an undivided two-fifths of the fee simple. Certainly, when she attempted to convey the sixteen acres, on the theory, apparently, that she was the full owner of it, she could also convey only her life estate in it, together with her undivided two-fifths interest in the fee simple.

A cotenant can not, by his own deed, and without the co-operation of the other cotenants, proceed to select and dispose of his own several interest in the common property. The interests of Nancy Calloway's cotenants in the sixteen acres conveyed by her remained the same after her deed as before. Her making a deed for the land could not disturb their title to the same land.

Nancy Calloway's deed to appellant for the sixteen acres off the west side of the forty acres, therefore, con-

veyed only her life estate in that parcel, together with an undivided two-fifths interest in the fee simple.

From finding eighteen, it appears that Nancy Calloway conveyed to appellee, January 28, 1886, the undivided two-fifths of the forty acres. As this deed was later than the deed conveying her interest in the sixteen acres to appellant, as shown in findings nine and ten, it is evident that the deed for the two-fifths of the forty acres so conveyed to the appellee Cassie, covered only Nancy Calloway's interest in the twenty-four acres off the east side.

As the deed of January 28, 1886, was not placed on record until July 11, 1892, it may be that the deed of August 10, 1886, shown in finding twelve, by which Nancy Calloway again attempted to convey her undivided interest in all the land gave good title for such interest to her daughter Amanda, as a purchaser without notice of the previous unrecorded deed for the same interest to appellee.

However that may be, the title of appellee to a two-fifths interest in the twenty-four acres off the east side is good also through the said deed to Amanda; for taking findings twelve, thirteen and sixteen, it is shown that, through Catherine Busch and Amanda, the title of the appellee Cassie is good to all the interest of Nancy Calloway in the twenty-four acres.

Other deeds shown in the findings did not in any manner disturb the title of appellant to her two-fifths interest in the sixteen acre tract, or that of the appellee to the same interest in the twenty-four acre tract, as derived from the remote grantor of each, Nancy Calloway.

Counsel for appellant dwell at length upon the fact found in the ninth and tenth items, that Nancy Calloway, by what is shown by finding twenty-five to have been a warranty deed, conveyed to appellant the sixteen

acre tract; and, as finding twenty-four shows that the land was of uniform value, and the sixteen acres therefore, equal in value to Nancy Calloway's two-fifths interest, it is plausibly argued that her conveyance carried the full fee in the sixteen acres.

Nancy Calloway, however, could not herself make partition of her interest in the forty acres. In conveying the sixteen acres she could not convey a greater interest in the same than that which she possessed. There is no available error in the record.

The judgment is affirmed.

Filed Oct. 31, 1894.