## SEFTON *v.* BOARD OF COMMISSIONERS OF HOWARD COUNTY ET AL.

[No. 19,929.    Filed April 2, 1903.]

HIGHWAYS.—*Improvement.—County Lines.—Statutes.—Repeal by Implication.*—The act of 1889 (Acts 1889, p. 433, §6792 *et seq.* Burns 1901) for the construction and improvement of county-line highways is not repealed by the act of 1899 (Acts 1899, p. 468, §6914 *et seq.* Burns 1901), though the subject-matter of the acts is the same and many of the provisions contain the same language.

From Howard Circuit Court; *W. W. Mount,* Judge.

Suit by William W. Sefton against the board of commissioners of Howard county and others, to enjoin the enforcement of a highway assessment. From a judgment for defendants, plaintiff appeals.    *Affirmed.*

*J. C. Herron* and *F. J. Byers,* for appellant.
*W. R. Oglebay* and *F. S. Oglebay,* for appellees.

GILLETT, J.—This action was instituted by appellant to enjoin the enforcement of a special assessment levied against his land pursuant to the provisions of the act of March 11, 1889 (Acts 1889, p. 433, §6792 *et seq.* Burns 1901).    A demurrer was sustained to the complaint, and final judgment rendered in favor of appellees.

Counsel for appellant contend that the act mentioned was repealed by implication by the act of March 6, 1899 (Acts 1899, p. 468, §6914 *et seq.* Burns 1901), and it is admitted that if the former act is still in force the complaint is insufficient.

The subject-matter of the two acts is the same; both authorize the construction and improvement of county-line

highways. The later act is affirmative in its terms. Many of its provisions contain the same language as the former act, thus showing that it was drafted, and presumably considered by the General Assembly, with the first act in mind, but the later enactment does not contain a repealing clause. There are, however, some marked differences between the two acts, notably in that the first act provides for the levying of special assessments against real estate, based on special benefits, in districts comprehending all the real estate within two miles of such improvements, while the later act provides for the submission of the proposition to a vote of the townships, and contemplates the levying of a general tax in such townships.

Can it be said that in these circumstances there has been a repeal by revision? Repeals by implication are not favored. The courts, however, only seek the legislative will in determining whether there has been a repeal, and the conclusion that there was such a purpose may follow from a revision, if it appears that the subsequent statute was intended to prescribe the only rule that is to govern respecting the subject-matter. *Tracey* v. *Tuffly,* 134 U. S. 206, 10 Sup. Ct. 527, 33 L. Ed. 879; Sutherland, Stat. Const., §154; 23 Am. & Eng. Ency. Law, 487.

Two affirmative statutes, without inconsistent provisions, may run in parallel lines, and the courts will incline, in the absence of a provision for a repeal, to regard the later enactment as merely cumulative or auxiliary, unless it appears that the object as well as the subject-matter of the two enactments is the same. *United States* v. *Claflin,* 97 U. S. 546, 24 L. Ed. 1082; 23 Am. & Eng. Ency. Law, 482, and cases cited.

We have before us two provisions for the construction and improvements of highways in certain cases. The undertaking is public in its character. In the first statute the legislature has in effect declared that, where the circumstances mentioned in that act exist, the real estate within

the district is to be deemed as so far specially benefited as
to warrant the levying of special assessments.  In the later
statute the legislature has provided that, when the project
has received the sanction of a majority of the voters of a
presumably larger taxing district, the general power to tax
for that purpose may be invoked.  Either method of raising
revenue for such a purpose may be admissible, and the
choice of methods, at least in the outline, is a matter within
the legislative discretion.  Cooley, Taxation (2d ed.), 638.
See, also, *Heick* v. *Voight,* 110 Ind. 279; *Board, etc.,* v.
*Harrell,* 147 Ind. 500.

We perceive no reason for holding that the act of 1889
was repealed by the act of 1899.  If the legislature may
authorize the laying out and improving of highways by
either method, no good reason exists why it may not grant
a choice of such methods to the parties who institute the
proceedings.  If they elect to adopt the first method, they
must bring themselves within the limitations that the
earlier act contains; if they proceed under the later statute,
the project must receive the sanction of a majority vote of
the townships in interest.

A substantial reason for not repealing the first act is to be
found in the fact that in many instances the benefits to be
derived from the improvement would be so far limited in
respect to territory that the proposition could not reasonably
be expected to receive the approval of a majority of the
voters in the townships bordering upon the improvement.
But we need not look to even this extent within the field of
legislative discretion, for it is enough to affirm, in view of
the presumption against an implied repeal of the earlier
act, that "there is here a legal way—a way both possible and
practicable. and neither unusual nor unreasonable—in
which the two statutes may be upheld, and that is, by ad-
judging that two different systems were created." *Robin-
son* v. *Rippey,* 111 Ind. 112, 116.

Judgment affirmed.