## KRAMER ET AL. v. BEEBE, TREASURER.

[No. 23,056. Filed February 13, 1917. Rehearing denied
June 6, 1917.]

1. STATUTES.—*Repeal.—Province of Court.*—Where a statute has
been repealed, the supposition of the legislature that it is still
in force as evidenced by the enactment of an amendment thereto,
can make no difference, as it is the province of the court to de-
termine what effect the last expression of the legislature had
on the first involving the same subject. p. 353.

2. TAXATION.—*Collection of Taxes.—Powers of Legislature.*—In
passing laws pertaining to the collection of delinquent taxes,
the legislature is reasonably unrestrained in determining what
property shall not be subject to distraint and sale, the amount
thereof, and the manner of fixing its value. p. 354.

3. TAXATION.—*Collection of Taxes.—Exemption of Property
from Sale.—Statute.—Constitution.*—The provision of §7332
Burns 1914, Acts 1897 p. 171, relating to the collection of de-
linquent taxes, exempting from seizure and sale for delinquent
taxes household goods to the value of $100, is not inhibited by
Art. 10, §1, of the Constitution, requiring a uniform and equal
rate of assessment and taxation, since such provision does not
affect uniformity and equality of assessment and taxation, nor
prevent a just valuation of property for the purpose of taxa-
tion, as it in no way changes the basis of assessment fixed for
all taxable property. p. 354.

4. STATUTES.—*Laws on Same Subject.—Construction.*—Where
there are two acts on the same subject, both will be given effect
if possible. p. 355.

5. STATUTES.—*Repeal.—Repugnant Statutes.—Construction.*—If
two acts are repugnant in any of their provisions, the later
act, even without any repealing clause, operates, to the extent
of the repugnancy existing, as a repeal of the first. p. 355.

6. STATUTES.—*Repeal.—Laws on Same Subject.—Construction.*
—Even where two acts are not in express terms repugnant,
yet if the latter act covers the whole subject of the first, and
embraces new provisions, plainly showing that it was intended
as a substitute for the first act, it will operate as a repeal of
the first. p. 355.

7. STATUTES.—*Laws on Same Subject.—Rule of Construction.—
Application.*—The rule of statutory construction that where
there are two acts on the same subject, both will be given effect
if possible, is generally applied when either of the two acts
reach the same result, but by different methods. p. 355.

8. TAXATION.—*Collection of Delinquent Taxes.—Duties of Coun-*

ty Treasurer.—Statutes.—Repeal.—Section 153 of the act of 1891, Acts 1891 p. 199, relating to the duties of the county treasurer in the collection of delinquent taxes and requiring him to make known to the prosecuting attorney any facts as to the possession by a delinquent taxpayer of property which could be reached by law to satisfy the claim for delinquent taxes, was repealed by §119 of the act of 1895, Acts 1895 p. 319, containing the same provisions as to the duties of the county treasurer in the collection of delinquent taxes, except that the requirement as to furnishing facts to the prosecuting attorney is omitted, and providing that household goods not exceeding $100 in value, as shown by the assessment list, should be exempt from levy and sale for delinquent taxes. p. 356.

9. STATUTES.—Validity.—Amendment of Repealed Act.—Collection of Delinquent Taxes.—Section 21 of the act of 1903 (Acts 1903 p. 49, §10324 Burns 1914) relating to the duties of county treasurers in the collection of delinquent taxes and purporting to amend §153 of the acts of 1891, Acts 1891 p. 99, which was previously repealed, is void, as the legislature thereby attempted to amend a section of an act not in force at the time. p. 357.

10. TAXATION.—Collection of Delinquent Taxes.—Household Goods.—Statute.—Household goods, as the term is used in §7332 Burns 1914, Acts 1897 p. 191, relating to the collection of delinquent taxes, means those articles with which a residence is equipped, other than fixtures, designed in their manufacture as instruments of the household, and embrace the articles necessary, convenient, or ornamental, requisite to enable the delinquent not merely to live, but to live in a convenient and comfortable manner. p. 357.

From Madison Circuit Court; Luther F. Pence, Judge.

Action by John Kramer and another against George Beebe, treasurer of the county of Madison. From a judgment for defendant, the plaintiffs appeal. Reversed.

Milton L. Clawson, for appellants.

Kittinger & Diven, for appellee.

MYERS, J.—Appellants brought this suit on their own behalf, and, as they allege, on behalf of 200 other persons similarly interested and situated, to restrain appellee, as treasurer of Madison county, from levying on and selling their household goods for the payment

of delinquent taxes. A demurrer was sustained to the complaint, and from a judgment in favor of appellee, appellants appeal to this court.

In support of this appeal appellants rest their case on two propositions: (1) That §119 (Acts 1895 p. 319) of the fee and salary law, as amended in 1897, Acts 1897 p. 171, §7332 Burns 1914, is controlling. (2) That this section is constitutional, and a valid exercise of the legislative power. The latter claim is not controverted by appellee, nor does he attempt to sustain the judgment of the lower court on that theory, but he does insist that §153, Acts 1891 p. 199—an act concerning taxation—as amended in 1903, §21, Acts 1903 p. 49, §10324 Burns 1914, repealed §7332, *supra,* and that now "there is no statute of this state which exempts household goods or furniture from levy and sale in any amount or under any condition, by the county treasurer to satisfy delinquent taxes assessed against the owner thereof."

The question then is, Was §7332, *supra,* repealed by §10324, *supra?*

From an examination of these legislative enactments it appears that §153 was a part of the act of 1891, (Acts 1891 p. 199, *supra*). The amendatory act of 1903, *supra,* had a general repealing clause, §39: "All laws and parts of laws in conflict with the provisions of this act are hereby repealed." It will also be observed that the act of 1895, *supra* §138, expressly provides that: "All laws and parts of laws in conflict with this act, are hereby repealed to the extent of such conflict."

The act of 1891, *supra,* is entitled: "An act concerning taxation, repealing all laws in conflict therewith, and declaring an emergency." The title of the act of 1903, *supra,* expressly states that it is amendatory of certain sections of the act of 1891, *supra,* among which is §153. The act of 1895, *supra,* is entitled "An act fix-

ing the compensation and prescribing the duties of certain state and county officers, fixing certain fees," etc., and is known as the Fee and Salary Act.

Section 119 of this act was re-enacted in 1897 word for word except that the commission which the treasurer shall receive was changed from four per cent. to six per cent. It is also noticeable that §119 and §153 are word for word the same except that in §119 the following is omitted: "and the treasurer shall, if he have reason to believe that such delinquent have money, effects, or other property in his possession or on deposit that can be reached by any remedy known to the law, make known such facts to the prosecuting attorney, who shall cause such proceedings to be brought as will secure the payment of such delinquency and for his services in so doing shall receive ten per cent. of such money so collected and a docket fee of ten dollars, to be taxed as costs in such action and paid out of moneys so collected." And in place of the part omitted is the following: "Provided, however, That nothing in this section shall authorize the treasurer in any county in this state to levy upon or sell for delinquent taxes the household goods of any person, where the household goods of such person do not exceed the value of one hundred dollars, as shown by the assessment list of said person for the year for which said taxes are delinquent. Each county treasurer shall be allowed, in addition to the salary provided by this act, a commission of six per cent. upon all delinquent taxes collected by him."

Both §153 and §119, as also §21 of the amendatory act, have to do with certain duties of the treasurer concerning the collection of delinquent taxes out of personal property, and authorizing the collection of his costs, certain fees and commissions therefor. The amendatory §21 amended §153 only by changing the

time when the treasurer should cause a list to be made of the delinquents from "after the third Monday of April" to "after the first Monday of May," and his fee from twenty-five cents to fifty cents when the delinquent pays upon demand, and from fifty cents to seventy-five cents when he pays after a levy is made.

It may be inferred from the action of the legislature in amending §153 that it regarded this section still in force, but if, as a matter of fact, it had been re-

1. pealed by §119 of a subsequent act, the supposition of the legislature can make no difference, for it is the province of the court to say what effect the last expression of the legislature had on the first involving the same subject. *District of Columbia* v. *Hutton* (1891), 143 U. S. 18, 27, 12 Sup. Ct. 369, 36 L. Ed. 60.

From what has been said, it will be observed that to a large extent the two sections—§§153 and 119 *supra*—cover practically the same ground, except in the former the treasury is to acquaint the prosecuting attorney with certain facts, and in the latter he is prohibited from levying upon and selling certain personal property designated as "household goods" where the value of the same, as fixed by the assessment, does not exceed $100. While this latter act might be considered munificent in character, and not quite in line with the thought and policy of the State making it the duty of all persons to bear their share of the public burdens necessary for the due administration of public affairs and for the protection of the rights and privileges which the government affords them, yet there is another side to this question equally important and in which the State is equally interested; that is to say, under certain conditions and circumstances, she furnishes her people food and clothing. She looks to the welfare

of her children, and believes that a certain amount of education is conducive to good citizenship; therefor we have a compulsory educational law.

We have confidence in the law-making department of this State, selected as it is, to keep within reasonable bounds in passing laws pertaining to the col-

2. lection of delinquent taxes. In this respect the legislature is reasonably unrestrained in determining what property shall not be subject to distraint and sale, the amount thereof, and the manner of fixing its value. Such legislation is in the interest of humanity and to a certain extent a protection against absolute pauperism, to which many unfortunate citizens might and could be driven by an unrelenting treasurer, through the usually employed nonresident deputy enthused only by the prospect of commissions and fees by levy and sale, if need be, of the last vestige of personalty of the home, rendering the occupant a charge upon the State rather than a supporter.

When the legislature in 1895 wrote the proviso into §119 of the Fee and Salary Act, it evidently had in mind the present day construction and enforce-

3. ment of the law with reference to the collection of delinquent taxes from personal property, not by first term, but by second and last term county treasurers. The legislature, knowing the procedure usually followed by imported deputies, purposely attempted to and did draw a line beyond which they should not go in the sale of personal property for the payment of delinquent taxes. This proviso is not inhibited by the Constitution of this State (Art. 10, §1) in that it does not affect uniformity and equality of assessment and taxation, nor prevent a just valuation of property for taxation, for it in no way changes the basis of assessment as fixed for all property subject to taxation.

*State, ex rel.* v. *Smith* (1901), 158 Ind. 543, 63 N. E. 25, 214, 64 N. E. 18, 63 L. R. A. 116.

At this point we are reminded of two general rules of decision which might be urged quite persuasively as tending to affect our final conclusion in this case. These rules are generally applied where the question is one of repeal by implication, and they are founded upon the doctrine that repeals by implication are not favored. The first is, when there are two acts on the same subject, give effect to both, if possible; the second—"But if the two are repugnant in any of their provisions, the later act, without any repealing clause, operates to the extent of the repugnancy as a repeal of the first; and even where two acts are not in express terms repugnant, yet if the latter act covers the whole subject of the first, and embraces new provisions, plainly showing that it was intended as a substitute for the first act, it will operate as a repeal of that act." *United States* v. *Tynen* (1870), 11 Wall. 88, 92, 20 L. Ed. 153; *Daviess* v. *Fairbairn* (1845), 3 How. 636, 11 L. Ed. 760; *Tracy* v. *Tuffly* (1889), 134 U. S. 206, 223, 10 Sup. Ct. 527, 33 L. Ed. 879; *Fisk* v. *Henarie* (1891), 142 U. S. 459, 468, 12 Sup. Ct. 207, 35 L. Ed. 1080; *District of Columbia* v. *Hutton, supra; United States* v. *Healey* (1895), 160 U. S. 136, 147, 16 Sup. Ct. 247, 40 L. Ed. 369; *United States* v. *Allen* (1895), 163 U. S. 499, 16 Sup. Ct. 1071, 41 L. Ed. 242; *The Paquete Habana* (1899), 175 U. S. 677, 20 Sup. Ct. 290, 44 L. Ed. 320; *State* v. *Squibb* (1908), 170 Ind. 488, 490, 84 N. E. 969; *Nichols* v. *State* (1901), 27 Ind. App. 444, 61 N. E. 694; *Milligan* v. *Arnold* (1912), 50 Ind. App. 559, 98 N. E. 822.

The first rule stated is generally applied when either of the two acts, if followed, reach the same result but by different methods. But here the question is not one where the treasurer is given

a discretionary power as to different ways of performing a statutory duty. If such were the case then we might readily say that §153 and §119 were cumulative, in that each pointed out different ways, both possible and practicable, and neither unusual or unreasonable, for doing the same thing. *Sefton* v. *Board* (1902), 160 Ind. 357, 66 N. E. 891; *State, ex rel.* v. *Board* (1908), 170 Ind. 595, 622, 85 N. E. 513; *City of Richmond* v. *Miller* (1914), 58 Ind. App. 20, 24, 107 N. E. 550.

But as we read these last two sections, both having reference to the duties of the county treasurer in the collection of delinquent taxes from personal property, it cannot be said that, by following either, the same and not unreasonable result will follow in all such cases. In one case he might be able to collect the delinquent taxes without distraint and sale of the delinquent's household goods; while in another it would be necessary to levy upon such goods of the delinquent, the assessed value of which is less than $100, which the act of 1895, *supra*, expressly prohibits. Section 119, as amended, together with other statutes on this subject, furnish a complete guide to county treasurers in such matters, and, if followed, no absurd or unreasonable effect would likely be produced in any case.

The legislature when drafting §119 evidently had before it §153, and if it had been the intention to re-enact the whole section, which required the treasurer to report certain facts to the prosecuting attorney, it might well have done so, and then followed with the proviso, but this it did not do. From this fact alone, and from the general repealing clause, we might be justified in holding that the legislature intended that the county treasurer should thereafter be controlled by §119 instead of §153, but in addition, the title of the act of which §119

is a part further shows the intention to prescribe the duties of certain county officers, among them certain duties of the treasurer, regarding the collection of delinquent taxes. Moreover, the subject thus covered was a matter proper for the legislature, and it was not inappropriate for it to take this subject from the laws pertaining to general taxation, and incorporate it, as it did, under the title then under consideration. As said in *Thomas* v. *Town of Butler* (1894), 139 Ind. 245, 253 38 N. E. 808, 811: "When they (the legislature) bring forward into the new act such operative portions of the old act, they thereby indicate the legislative will and intent that such provision shall continue to be the law, not that it shall cease to operate, but that its operation as the law shall continue as before. But that does not indicate an intention to continue it in force in the old law, but to continue it in force in the new law as the only rule in the cases covered by the new act." This language is expressive of our views as applied to the case under consideration.

In our opinion the principle announced in the second rule to which we have referred is controlling in this case, and requires us to hold that §153 of the act 9. of 1891, *supra*, was repealed by §119 of the act of 1895, *supra*, and this being true, §21 of the amendatory act of 1903, being §10324 Burns 1914, *supra*, is void for the reason that the legislature thereby undertook to amend a section of an act not then in force. *Helt* v. *Helt* (1898), 152 Ind. 142, 52 N. E. 699; *State, ex rel.* v. *Wheeler* (1909), 172 Ind. 578, 580, 89 N. E. 1; *Peele* v. *Ohio, etc., Oil Co.* (1901), 158 Ind. 374, 377, 63 N. E. 763.

There is some contention here as to what articles are included by the words "household goods". 10. In our opinion "household goods," as used in §119, must be understood to mean those articles

358    SUPREME COURT OF INDIANA,

Chicago, etc., R. Co. v. Lake Co. Savings, etc., Co.—186 Ind. 358.

with which a residence is equipped, other than fixtures, designed in their manufacture as instruments of the household, and embrace the articles necessary, convenient, or ornamental, requisite to enable the delinquent not merely to live, but to live in a convenient and comfortable manner.

Judgment reversed, with instructions to overrule the demurrer to the complaint, and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 115 N. E. 83. Statutes: (a) rule of construction as to repeal, 88 Am. St. 272; (b) construction together of contemporaneous, in pari materia, 18 Ann. Cas. 424, Ann. Cas. 1915 A 186; (c) implied repeal, by code, revision or re-enactment, 5 Ann. Cas. 202. See under (1) 36 Cyc 1055; (2) 37 Cyc 885; (4) 36 Cyc 1076, 1149; (5) 36 Cyc 1077.