STATE OF INDIANA, EX REL.. CENTER SCHOOL TOWNSHIP, DELAWARE COUNTY, *v.* TUHEY ET AL., TRUSTEES.

[No. 23,751. Filed November 19, 1920.]

1. STATUTES.—*Repeal by Implication.—Covering Part of Statute by Later Act.*—A statute which covers the whole of a subject included in an earlier act, by implication repeals the former act as to such subject. p. 638.

2. SCHOOLS AND SCHOOL DISTRICTS.—*Annexation.—Payment for School Property.*—Chapter 84, Acts 1919 p. 463, repeals by implication all of ch. 121, Acts 1917 p. 378, which pertains to the payment or reimbursement of the school township for school property taken by annexation. p. 638.

3. SCHOOLS AND SCHOOL DISTRICTS.—*School Property.—Tenure of School Corporations.—Power of Legislature.*—The school township and the school city have no vested interest in school property, being but the trustees of the public, and such trusteeship may be changed at any time by a legislative act. p. 639.

4. SCHOOLS AND SCHOOL DISTRICTS.—*Annexation.—School Property. —Liability of Annexing Corporation.*—There is no liability on the part of one school corporation to pay for the property taken from another school corporation by annexation, except such obligation be created by statute. p. 639.

From Delaware Circuit Court; *W. A. Thompson,*
Judge.

Mandamus by the State of Indiana, on the relation
of Center School Township, Delaware county, against
Edward Tuhey and others as trustees of the school
city of Muncie, Delaware county. From a judgment
for the defendants, the relator appeals. *Affirmed.*

*Rollin Warner* and *Everett Warner,* for appellant.
*Silverburg, Bracken & Gray,* for appellees.

TOWNSEND, J.—The relator sought mandate against
appellees. A demurrer for want of facts was sus-
tained to the complaint. Relator refused to plead
over and suffered a judgment for costs.

On April 9, 1919, the city of Muncie annexed ter-
ritory in Center township, Delaware county. This
territory contained four school properties, the aggre-
gate value of which was $98,014.59, according to an
appraisement made pursuant to §2, ch. 121, Acts 1917
p. 378, §6611b Burns' Supp. 1918. Relator's demand
was $91,884.19; that is, the appraised value less
an outstanding indebtedness aggregating $6,160.40,
which relator claimed the school city should assume.

Chapter 121, *supra,* shows an act with the following
title: "An Act to provide for the assumption of a
proportionate part of the indebtedness of cities, towns
or townships and the *purchase* of school property be-
longing to school cities, school towns or school town-
ships when territory belonging thereto shall be an-
nexed by any other city, township or incorporated
town."

Section 2 of this act, after providing for an ap-
praisal and a review by the circuit court, contains
this sentence: "No such appeal shall delay the an-

nexation of such territory and the subsequent pro-
ceedings on appeal shall only affect the amount of
*compensation* to be allowed.'' (The italics, both in
the title and in the above sentence, are ours.)

Following the above sentence in §2 is the following:
''Until such township, city or town school corporation
shall have paid such indebtedness, it shall not be
entitled to a deed therefor, and if such indebtedness
is paid by said school township, town or city, such
school township, town or city, shall be entitled to
recover the amount so paid from said city, town or
township school corporation with interest at the rate
of six per cent (6%) per annum from date of pay-
ment, and on payment of such amount the said school
corporation shall be entitled to a deed of such prop-
erty as now by law provided, whenever any annexa-
tion of such property has been made prior to the
passage of this act then liability on the part of such
annexing city, town or township for any such indebt-
edness remaining unpaid at the time of the passage
of this act, shall be under this act the same as if such
annexation had taken place subsequent to the passage
of this act.''.

It is the contention of the relator that the court
should read into §2, *supra,* an obligation to pay, be-
cause the title of the act uses the word ''purchase''
and the body of the act uses the words ''compensation
to be allowed.'' It is conceded by relator that the
provisions of §2, *supra,* following the words ''com-
pensation to be allowed,'' have no relevancy in the
act, and that the words ''such indebtedness'' therein
used do not and cannot refer to the appraised value
of the school properties. Appellees contend that this
court would not have power under the rules of statu-

tory construction to read into this act an obligation to pay; and, further than this, appellees contend that chapter 84, Acts 1919 p. 463, repeals by implication all of the act of 1917, *supra,* on this subject. This latter contention relator meets by pointing to the fact that there is an hiatus in the act of 1917 between the part of §2 ending with the words "compensation to be allowed" and all that follows from the word "until" to the end of the section. Relator therefore claims that the legislature by the act of 1919, *supra,* sought to supplement the act of 1917 by re-enacting all of the act of 1899 as amended by Acts 1913 p. 101, §6612 Burns 1914.

If relator's contention were to prevail, we would then read into the act of 1917 an obligation to pay the appraised value of the school property, and also supplement it by the act of 1919, *supra,* which would create an obligation to pay in addition thereto the outstanding indebtedness.

We need not decide whether, in the absence of the act of 1919, we should be permitted to construe the act of 1917 as creating an obligation to pay the appraised value of the school property, because we think that the act of 1919 repeals by implication all of the act of 1917 which pertains to paying for school property, or reimbursing the school township for school property. The act of 1919 on this subject is but a re-enactment of the act of 1899 as amended by the act of 1913.

Now it will be observed that the act of 1919 covers the whole subject of reimbursement of a school corporation where territory is annexed to another municipality, and while the act of 1919 contains no repealing clause, yet, because it covers the whole of this

subject of reimbursement for school property, it does, by implication, repeal the act of 1917.

The school township and the school city have no vested interest in school property. They are but the trustees of the public, and that trusteeship may 3. be changed at any time by a·legislative act. *Board, etc.* v. *Center Township* (1896), 143 Ind. 391, 42 N. E. 808.

There is no liability on the part of one school corporation to pay for the property taken from another school corporation by annexation, except such 4. obligation be created by statute. It is hardly to be supposed that the legislature would do so remarkable a thing as to provide that one school corporation, becoming a trustee under annexation, should pay another school corporation not only the full appraised value of the property, but also the outstanding indebtedness thereon.

The trial court did not err in sustaining the demurrer to relator's complaint. The judgment is therefore affirmed.