## City of Jeffersonville et al. *v.* Jeffersonville School Township of Clark County.

[No. 10,904. Filed May 11, 1921. Rehearing denied October 3, 1921. Transfer denied December 2, 1921.]

1. SCHOOLS AND SCHOOL DISTRICTS.—*Public School Property in School Township.—Interest of School Township.*—A school township has no vested interest in public school property, but holds the property merely as trustee for the public, subject to change at any time by legislative act.  p. 33.

2. MUNICIPAL CORPORATIONS.—*Annexation of Territory.—City's Title to School Property.—Compensation.*—In the absence of a statute to the contrary the title to public school property included in territory annexed to a municipal corporation passes to the annexing corporation without payment of compensation to the corporation from which it is taken.  p. 33.

3. MUNICIPAL CORPORATIONS.—*Annexation of Territory.—School Property.—Compensation.—Statutes.*—Title to public school property included in territory annexed to a municipal corporation passed to the city by virtue of the annexation without the necessity of compensating the school township in which the property was situated, since Acts 1917 p. 378, §6611a *et seq.* Burns' Supp. 1918, pertaining to the payment or reimbursement of the school township for school property taken by annexation, was repealed by implication by Acts 1919 p. 463.  p. 34.

From Clark Circuit Court; *Francis M. Griffith*, Special Judge.

Action by Jeffersonville School Township of Clark County against the city of Jeffersonville and others. From a judgment for plaintiff, the defendants appeal. *Reversed.*

*Wilmer F. Fox* and *Montgomery & Montgomery*, for appellants.

*George C. Kopp, Warren B. Allison* and *Jonas B. Howard*, for appellee.

REMY, C. J.—The common council of appellant city of Jeffersonville, on December 2, 1918, passed an ordinance annexing to said city certain territory, including a portion of Jeffersonville township upon which three public school buildings are located. The board of school trustees of said city did not, at the time of, or prior to, the passage of the ordinance cause the school property to be appraised, or make payment for the same. On March 24, 1919, appellee Jeffersonville school township filed its complaint in Clark Circuit Court against appellants, city of Jeffersonville, its mayor, clerk and councilmen, seeking to have the annexation ordinance declared invalid, and to enjoin further proceedings thereunder, for the reason that the school property had not been appraised or paid for. To the complaint, appellants filed a joint and several demurrer which was overruled. Appellants refused to plead further, and judgment was rendered in accordance with the prayer of the complaint.

The action of the court in overruling the demurrer is the error assigned.

A school township has no vested interest in public school property. Such township holds the property merely as trustee for the public, subject to change **1, 2.** at any time by legislative act (*Board, etc.,* v. *Center Tp.* [1896], 143 Ind. 391, 42 N. E. 808) ; and in the absence of a statute to the contrary, the title to public school property included in territory annexed to a municipal corporation passes to the annexing corporation without payment of compensation to the corporation from which it is taken. *Maumee School Tp.* v. *School*

*Town of Shirley City* (1902), 159 Ind. 423, 65 N. E. 285. An act of the general assembly approved March 5, 1917 (Acts 1917 p. 378, §6611a *et seq.* Burns' Supp. 1918), provides that school property located in territory sought to be annexed shall be appraised at or before the time of annexation; and it is upon rights claimed under said act that appellee's complaint is founded. Unfortunately for appellee, however, the Supreme Court has recently held the act of 1917 to have been repealed by implication by a statute covering the same subject enacted in 1919 (Acts 1919 p. 463), *State, ex rel.,* v. *Tuhey* (1920), 189 Ind. 635, 128 N. E. 689. The latter act contains no saving clause as to rights given under the former act. It follows that the trial court erred in overruling the joint and several demurrer of appellants.

The cause is therefore reversed with instructions to sustain appellants' demurrer to the complaint.