QUICK ET AL. *v.* SMITH ET AL.

[No. 13,038. Filed January 13, 1928.]

1. STATUTES.—*Repeal of earlier act by implication.*—A statute which includes the whole of a subject included in an earlier act, by implication repeals the former act as to such subject. p. 683.

2. SCHOOLS AND SCHOOL DISTRICTS.—*The act of 1917 relative to consolidation of township and town or city schools repeated as to cities of fifth class by 1925 act on same subject.*—The act of 1917 relative to the consolidation of the schools of a township and of a town or city of the fifth class (Acts 1917 p. 545, §§6578-6586 Burns 1926), in so far as it related to cities of the fifth class lying wholly within the township, was repealed by Acts 1925 p. 328, §§6588-6598 Burns 1926, as the latter, that far, covered the same subject-matter. p. 683.

3. SCHOOLS AND SCHOOL DISTRICTS.—*Trustees of consolidated school district properly enjoined from selling bonds to construct school building without securing approval of township advisory board.*—The trustees of a consolidated school district, consisting of a township and a city of the fifth class situated wholly therein, organized under the act of 1917 (Acts 1917 p. 545, §§6578-6586 Burns 1926), were properly enjoined from selling bonds for the purpose of raising funds to pay the expense of constructing a new school building for the district, and thereby creating a debt against the school township without the approval of the township advisory board, where no indebtedness had been created at the time the act of 1927 (Acts 1927 p. 284)

took effect, which provides that, before any indebtedness can be created in a taxing unit within a township against property, lying without the corporate limits of a town or city, the details of the proceeding to create such indebtedness must be submitted to the advisory board of the township and the project approved by it. p. 683.

From Carroll Circuit Court; *Benjamin F. Carr,* Judge.

Suit by Frederick C. Smith and others, as taxpayers, to enjoin William R. Quick and others from proceeding to sell bonds to construct a new schoolhouse for a consolidated school district, consisting of a township and a city of the fifth class. From a judgment for the plaintiffs, the defendants appeal. *Affirmed.* By the court in banc.

*Pollard, Cartwright & Wason,* for appellants.
*Boyd & Julien* and *Long & Yarlott,* for appellees.

NICHOLS, J.—Action by appellees as residents and taxpayers of Deer Creek township, Carroll county, Indiana, against appellants as trustees of the consolidated schools of Delphi and Deer Creek township, Carroll county, Indiana, to enjoin them as such school trustees, from erecting a high school building in the city of Delphi, Indiana, for the use of said consolidated schools and creating an indebtedness for such purpose against Deer Creek school township. Appellants' separate demurrer, for want of facts, to the amended complaint in five paragraphs was sustained as to the second and fifth paragraphs, and overruled respectively to the first, third and fourth paragraphs. Appellants refusing to plead further, final judgment was rendered on the demurrer that appellants be enjoined from creating a debt against the school township of Deer Creek, outside the corporate limits of Delphi, without first obtaining the consent of the advisory board of said township, as prayed for in the first paragraph of amended complaint;

that they be enjoined from further proceeding in the matter of constructing a school house in the city of Delphi, under the act of 1917, as prayed for in the third paragraph; and that they be enjoined from further proceeding in the matter of building such school house under the act of 1917 as amended in 1921 as prayed for in the fourth paragraph. The respective rulings of the court in overruling the demurrer respectively to the first, third and fourth paragraphs of an amended complaint are assigned as errors.

On petition heretofore filed in this court, appellant William R. Quick's successor in office, Gearald L. Clawson, and appellant Miles T. Martin's successor in office, Theodore H. Baum, were substituted as parties appellant.

The first paragraph of the amended complaint, in substance, avers that the appellees are residents and taxpayers of Deer Creek township, Carroll county, Indiana; that the city of Delphi is a city of the fifth class, situate in said township, and that they reside and pay taxes on property in the territory in said school township outside of such city; that said city and township have consolidated the elementary and high schools of said corporations, under ch. 148, Acts 1917 p. 545, and are conducting said schools under the name of The Consolidated School District of Delphi and Deer Creek Township, Carroll County, Indiana, under the laws of the state; that appellants are trustees of said consolidated school district, but the school trustees and the township trustee have never drawn up any articles of agreement in relation to said consolidation, and that appellants, by a majority of said board of trustees, and without the consent of the trustee of Deer Creek township, Carroll county, Indiana, have, by resolution, duly entered on their records, declared their intention to purchase real estate therefor and to construct a high school build-

ing thereon in the city of Delphi, at a cost of $48,094 as against the school city of Delphi, and $92,900 as against said Deer Creek school township, and have declared their intention to issue bonds as against such school city in the sum of $48,094 and as against Deer Creek school township in the sum of $92,900 for the purpose of purchasing real estate in said city and erecting thereon a new high school building, equipped for the use and benefit of said consolidated schools and declaring that the total cost of such real estate and of erecting and equipping said new high school building would be $140,994, and have given public notice to the citizens of such school city and school township of their intention so to do; that the real estate proposed to be purchased, as declared in said notice and said intention, is in Bowen's First Addition to the town (now city) of Delphi; that the building proposed to be constructed is to contain about sixteen classrooms, an auditorium and a gymnasium; that appellants, by resolution, have declared their intention to raise the necessary funds to pay for said school building, including an auditorium and gymnasium, and the real estate upon which to erect said building, by the issue and sale of bonds of said separate school corporations as provided by the Act of the General Assembly of the State, and have so entered their determination of record to issue and sell such bonds, and have given public notice thereof, thus creating a debt against the school city to the amount of $48,094 and against the school township to the amount of $92,900; that neither appellants nor the trustee of Deer Creek township have ever requested the advisory board of said township to authorize the creation of said debt as against said school township to the amount of $92,900, but they have declared their intention in their proceedings thus to create a debt against said school township for said amount for said purpose, and will

proceed, if not enjoined, to carry out said intention, without obtaining the consent of the advisory board of said township; that said amount is greatly in excess of any annual levy that might be assessed against said school township and is an attempt to create a debt against said township without first obtaining the consent of the advisory board therefor, and that the advisory board of said township never did give its consent for the creation of such indebtedness, and that appellants have no right to proceed thus to create a debt against said school township, under the laws of the state.    Appellees further say that the indebtedness proposed to be created by appellants would not create a binding obligation upon said school township, but would create an apparent lien against the property of said township; that such action is illegal and void, and appellees ask that appellants be perpetually enjoined from thus creating such a .debt, and from carrying out the plan inaugurated as against said township.

. The third paragraph of amended complaint is upon the same theory as the fourth, but less specific in its details.

The fourth paragraph avers, in addition to the same general allegations as the first and third, that appellants have declared their intention to proceed in said matter under the acts of the General Assembly of 1917, and, under said act, it is provided that the assessment against the school city and school township, outside the city, shall be determined by the relative amount which the taxable property respectively of such city ,and the territory in the township outside of said city bears to the whole amount of taxable property of said city and township, which said act of the General Assembly was amended by the acts of the General Assembly of 1921, ch. 216, p. 591; that subsequent to the passage of said law, the legislature passed another act pertaining to said

matter, to wit: ch. 134, p. 328 of the acts of the General Assembly, 1925; that said statute covers the whole subject-matter of the said act of 1917, as amended in 1921, so far as it is applicable to this case, adding new provisions and making various changes to the law as passed in 1917, and repealing said law by implication; that, under said law of 1925, it is provided that in the event of the necessity of constructing new school buildings for the elementary and high schools under said statute, said trustees shall have the power to build such new school buildings and to purchase the necessary site therefor, and that the cost shall be apportioned between the city and township outside said city in proportion to the number of children of school age enumerated to each school corporation; that the children of school age enumerated in said city, as shown by the enumeration of 1926, is 485, and the number of children enumerated in 1926 in Deer Creek township outside of said city is 356; that the value of the property situate in the city for 1926, as shown by the county auditor's record, is $2,451,880, and the value of the property in said township outside of said city for the year 1926, is $4,741,800. This paragraph further charges that to construct the proposed school building under the law of 1917 will create a debt of $92,900 as against said township and $48,094 as against the school city, and that to build under the 1917 law would create an indebtedness against the township to the amount of $33,237.60 over and above the amount which, under the law of 1925, the school trustees are entitled to create, and would exonerate the city from paying for said high school building and decrease the amount which should be assessed against the school city to the amount of $33,237.60.

It is contended by appellants that the schools of the city of Delphi were consolidated with the schools of

Deer Creek township under the act of 1917 as amended by the acts of 1921, and are still governed by this act, while it is the contention of appellees that this act was repealed by Acts 1925 p. 328.

The legal question we have to determine is as to whether the act of 1917 pertaining to consolidated schools (Acts 1917 pp. 545, 550, §§6578-6586 Burns 1926) was repealed by the act of 1925 (Acts 1925 p. 328, §§6588-6598 Burns 1926) so far as it related to cities of the fifth class, wholly within the township. If so, the city of Delphi, being a city of the fifth class wholly within the township, appellants should have proceeded under the 1925 act, and the demurrer to the third and fourth paragraphs of complaint respectively was properly overruled.

A comparison of the two acts shows conclusively that the act of 1925 covers the entire subject-matter of the act of 1917, so far as it pertained to the consolidation of the schools of cities of the fifth class wholly within the township with those of the township within which such cities are located, and it is therefore a revision of the 1917 act so far as it pertains to cities of the fifth class so located. The substantial difference between the two acts, so far as here involved, is found in the manner in which the expense of the construction of the consolidated school building is to be pro rated by a city of the fifth class, or incorporated town, and the township. In the 1917 act, §6587 Burns 1926, it is provided that such expense shall be borne by the incorporated town or city and by the township in such proportion as the assessed valuation of the township, outside of such city or town, bears to the assessed valuation of the taxable property within such city or town, while by the 1925 act, §6596 Burns 1926, it is provided that the cost of such building shall be apportioned between the city of the fifth class, wholly within the township, no mention

being made of towns, and the territory of the township outside the city, in proportion to the number of children enumerated to each school district. The difference in the manner of apportioning the cost of the construction of the school building in this case makes the $33,237.60 of which appellees complain in their third and fourth paragraphs of complaint.

It is true, as appellants contend, that repeals by implication are not favored, but it is well settled that a statute which includes the whole of a subject included in an earlier act, by implication repeals the former act as to such subject. *State, ex rel.,* v. *Tuhey* (1920), 189 Ind. 635, 128 N. E. 689; *Kramer* v. *Beebe* (1917), 186 Ind. 349, 355, 115 N. E. 83; *Thomas* v. *Town of Butler* (1894), 139 Ind. 235, 38 N. E. 808.

The 1917 act, so far as it pertained to cities of the fifth class wholly within the township, was repealed by the 1925 act. The court did not err in its ruling on the demurrer respectively to the third and to the fourth paragraphs of complaint.

Whatever doubt there may have been as to the necessity of obtaining the consent of the advisory board in order to create a valid debt against Deer Creek school township, prior to the enactment of ch. 107, Acts 1927 p. 284, such doubt was wholly dispelled by that act. It is provided by §1 thereof, so far as we need to set it out for the purpose of this case:

"That before any indebtedness whatsoever can be created by any taxing unit, within the boundary of a township, against the property lying without the corporate limits of any incorporated town or city in said township, said taxing unit shall submit to the advisory board of said township full details as to the proposed indebtedness desired to be created, the purpose for which the same is to be used, the rate of interest to be

paid, and any other details in connection therewith, and shall receive approval of said advisory board to the creation of said indebtedness." Section 2 of such act repeals all laws in conflict therewith. As appears by the averments of the paragraph, no indebtedness had, at the time of the enactment, been created. There being no saving clause in the act as to pending transactions or actions, and the demurrer to the complaint not having been ruled on at the time of the enactment with an emergency clause, the act clearly forbids the creation of the proposed indebtedness except by the consent of the advisory board. *McQuilkin* v. *Doe* (1847), 8 Blackf. (Ind.) 581; *Kunkalman* v. *Gibson* (1908), 171 Ind. 503, 507, 84 N. E. 985, 86 N. E. 850.

There is no reversible error in the court's rulings on the demurrer.

Affirmed.

McMahan, J., not participating.